## 33558. MADDOX v. THE STATE.

HALL, Justice.

William H. Maddox was convicted of the murder of James G. Landrum, and sentenced to life imprisonment. The shooting interrupted a card game involving appellant, appellant's brother, the deceased, and the deceased's brother. During the game the deceased demanded that appellant pay him the $5 gambling debt appellant owed him. When the deceased persisted in this demand, appellant pulled out his gun and shot the deceased.

Although there had been an argument between the deceased and the appellant's brother earlier in the day, there was no evidence of any provocation or threat of violence at the time of the shooting. Appellant testified that he was being treated with Antabuse for alcoholism, but had nevertheless been drinking earlier on the day of the shooting, and that the combination made him feel ill. He did not remember shooting the deceased. His defenses were justification (self-defense or defense of his brother), or sufficient provocation to reduce the offense to voluntary

manslaughter.

1. Appellant complains that the charge given by the trial court impermissibly shifted the burden of proof to him on the issue of justification, and that the charge on mutual combat had the same effect.

The charges on justification and mutual combat did not indicate which side had the burden of proof. Rather, the court simply explained the revelant legal concepts. The court did charge clearly and repeatedly on the state's burden to prove the guilt of the accused beyond a reasonable doubt. Thus the court made clear that appellant did not have any burden of persuasion. We find no error. See *Patterson v. State,* 239 Ga. 409, 415-418 (238 SE2d 2) (1977).

Moreover, we cannot agree that the court was required to give appellant's requested charges on these issues, since the charge given adequately covered the subjects. *Herrmann v. State,* 235 Ga. 400 (220 SE2d 2) (1975).

2. Appellant complains that the charge that a person of sound mind is presumed to intend the natural and probable consequences of his acts (but that this presumption may be rebutted), impermissibly shifted the burden of proof to him on the issue of intent. We rejected this argument in *Patterson v. State,* 239 Ga. 409, 415-418, supra. See also *Hudson v. State,* 240 Ga. 70, 74-75 (239 SE2d 330)(1977).

3. The remaining enumerations of error are without merit, or have been abandoned.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 5, 1978 — DECIDED JUNE 8, 1978.

*Green & Tribble, William L. Tribble,* for appellant.
*Beverly B. Hayes, District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Assistant Attorney General,* for appellee.