## 33649. BOUTTRY v. THE STATE.

BOWLES, Justice.

Appellant was tried and convicted by a jury in McDuffie Superior Court for the murder of his wife, Eula Pearl Bouttry, and received a sentence of life imprisonment. His motion for new trial was overruled by the trial court and he now appeals to this court for a reversal of his conviction.

At trial the state presented evidence from which the jury was authorized to find the following: On August 26, 1977, the appellant went to a bar in Thomson, Georgia, known as T. S. Cody's Place. While outside the premises, a woman approached the appellant and told him, "I got something to tell you about your wife." Although the details of this conversation were not brought out at trial, the appellant testified that the conversation did not upset him. After talking with the woman, the appellant entered T. S. Cody's Place and ordered a beer. While inside appellant saw the victim and they exchanged words. Appellant testified that, "...she said something smart... so I took a beer and went outside." While outside the bar, appellant asked Randy Wiley for a knife. Appellant testified that he had been told that the victim was in possession of a gun and he wanted a knife "... in case anything went [sic] wrong."

Appellant went back inside T. S. Cody's Place, walked up to the victim and slapped her. The victim pushed appellant away and fled from the building. Several witnesses testified that the appellant ran after the victim and stabbed her several times with the knife causing her death. The appellant testified that he was so drunk he "...remembered sticking her two times..." but did not mean to kill her. Appellant was administered an

intoximeter test shortly after the incident the results of which gave a reading of .18%. The appellant testified that the victim had a knife; however, no knife other than the one used by the appellant was found at the scene. Several witnesses inside the bar testified that the victim did not have a weapon. Two witnesses, who were outside the building when the altercation took place, testified that the victim had a knife but that they never saw her use it against the appellant. The testimony of these two witnesses was contradicted in many respects by what they had earlier told the sheriff and other officers who testified at the appellant's trial.

At the close of the evidence the appellant made an *oral* request to charge the law of voluntary manslaughter. The trial judge denied appellant's *oral* request stating: "I don't think that element is involved in this case." A *written* request to charge the law of voluntary manslaughter was filed by the appellant after the conclusion of closing arguments to the jury. The appellant contends that the trial court erred in refusing to give the requested charge; however, this contention must fail for a number of reasons.

In *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976), this court set forth several rules in order to provide trial courts with guidance in considering requests to charge lesser included crimes in criminal cases. According to *Stonaker,* supra, a charge on a lesser included offense might be given in two instances. In the first instance, "[T]he trial judge . . . may, of his own volition and in his discretion, charge on a lesser crime of that included in the indictment or accusation. However, his failure to do so, without a *written request* by the state or the accused, is not error." P. 2.

The second instance is set forth as follows: "The state or the accused may, by *written application* to the trial judge *at or before the close of the evidence,* request him to charge on lesser crimes that are included in those set forth in the indictment or accusation, and his failure to so charge as requested, *if the evidence warrants such requested charge or charges,* shall be error." Id., p. 2.

Thus, even though a written request to charge has been made by the state or the accused, the trial court's

failure to so charge is not error if (1) the written request to charge has not been made "at or before the close of the evidence,"[1] or (2) the evidence does not warrant such requested charge.

In the instant case the trial judge did not, of his own volition, charge the lesser included offense of voluntary manslaughter, having determined that such a charge was not warranted under the facts presented at trial. Appellant, having failed to present a written request to charge voluntary manslaughter at or before the close of the evidence, under *Stonaker,* the trial court's failure to so charge does not constitute reversible error. See *Young v. State,* 239 Ga. 53, 59 (236 SE2d 1) (1977); *Curtis v. State,* 224 Ga. 870 (9) (165 SE2d 150) (1968); *Wells v. State,* 126 Ga. App. 130 (3) (190 SE2d 106) (1972).

We further find that even if appellant's written request to charge had been made within the time prescribed by *Stonaker,* supra, it would not have been error under the facts of this case for the trial judge to refuse to charge the law of voluntary manslaughter. The record contains no evidence of provocation sufficient to excite "sudden, violent and irresistible passion" in a reasonable person (Code Ann. § 26-1102) so as to require a charge on voluntary manslaughter. See *Bailey v. State,* 240 Ga. 112 (239 SE2d 521) (1977); *Gillespie v. State,* 236 Ga. 845 (225 SE2d 296) (1976); *Young v. State,* 232 Ga. 285, 290 (206 SE2d 439) (1974).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 26, 1978 — DECIDED SEPTEMBER 6, 1978.

---

[1]Code Ann. § 70-207 (b) provides that: "[I]n all cases, *at the close of the evidence or at such earlier time during the trial as the court reasonably directs,* any party may present to the trial court written requests that it instruct the jury on the law as set forth therein . . . The court shall inform counsel of its proposed action upon the requests *prior to their arguments to the jury . . .*" Both this Code section and the rule as set forth in *Stonaker,* supra, make clear that written requests to charge *must* be made *at or before the close of the evidence.*

*M. McNeill Holloway, III, Albert H. Dallas,* for appellant.

*Kenneth Goolsby, District Attorney, Dennis C. Sanders, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.