56854. WILSON v. THE STATE.

McMURRAY, Judge.

Defendant, along with another, was indicted for the offense of armed robbery. He was convicted of robbery by intimidation and was sentenced under the authority of the Georgia Youthful Offender Act (Code Ann. § 77-345; Ga. L. 1972, pp. 592, 596; 1975, pp. 900, 903) to be "kept in the custody of the Youthful Offender Division for treatment and supervision for an undetermined period of time, not to exceed six years." A motion for new trial was filed and after a hearing denied. Defendant appeals. *Held:*

1. Defendant contends he was coerced into his participation in the crime. However, the evidence was sufficient to support his conviction of robbery by intimidation even though the jury chose to reduce the charge to a lesser crime than armed robbery. The evidence more than establishes the voluntary participation by the defendant in the robbery in this instance. As to the precise issue as to whether or not robbery by intimidation is a lesser included offense of armed robbery, see *Holcomb v. State,* 230 Ga. 525, 527 (198 SE2d 179). It was for the jury to believe his story with reference to coercion which they chose not to believe. See *Ward v. State,* 138 Ga. App. 454

(1) (226 SE2d 278).

2. The defendant contends there was an alleged variance between the indictment and the proof in that the money and drugs were taken from the female clerk and the proof shows that they were taken from the person and presence of the pharmacist. However, both of them were in the drugstore when it was robbed. Both were present when the drugs were handed over by the pharmacist to the co-indictee Wallace, and the money was taken from the cash register by the defendant. All of this occurred in the presence of the female clerk. The variance as to the degree of failure of proof of some but not all goods taken will not be fatal in a robbery case. *Colton v. State,* 231 Ga. 502 (202 SE2d 444). The evidence clearly authorized the verdict of guilty.

3. Defendant's request to charge concerned the defense of good character. There was no error in that the court failed to give the defendant's charge verbatim as the principles contained therein were in other language by the court fully and fairly charged, and that issue was adequately covered by the charge. *Maddox v. State,* 241 Ga. 398 (1) (245 SE2d 654, 655); *Herrmann v. State,* 235 Ga. 400 (220 SE2d 2); *Sullens v. State,* 239 Ga. 766, 767 (4) (238 SE2d 864).

4. The last enumeration of error argued by the defendant concerns admission in evidence of testimony of a police officer relative to his seizure and confiscation of drugs found by him at a trailer of the co-indictee several days after the occurrence in question, supposedly being drugs taken during the robbery. Defendant contends this testimony derives its value and competency and veracity from persons not testifying who lived with the co-indictee contending same was prejudicial, irrelevant and involved hearsay having no probative value, citing Code § 38-301. However, the very next Code section (38-302) defines testimony which in a legal investigation is obtained through information, conversation, letters and replies and similar evidence as facts, "to explain conduct and ascertain motives," same shall be admitted into evidence, not as hearsay, but as original evidence. See *Teal v. State,* 234 Ga. 159 (2) (214 SE2d 888) and cits. See also *Hurt v. State,* 239 Ga. 665, 671 (5) (238 SE2d 542). There is no

merit in this complaint.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED NOVEMBER 6, 1978 — DECIDED DECEMBER 5, 1978.

*J. Laddie Boatright,* for appellant.

*W. Donald Thompson, District Attorney, Lawrence Kaden, Thomas J. Matthews, Assistant District Attorneys,* for appellee.