## 35349. SHAVERS v. THE STATE.

UNDERCOFLER, Presiding Justice.

Michael Shavers, convicted of armed robbery and murder, was sentenced to twenty years and life, respectively, and appeals. We affirm.

1. The evidence was sufficient to convince a rational trier of fact of the appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, — U. S. — (99 SC 2781, 61 LE2d 560) (1979). The state produced evidence to show Edward Lampkin disappeared from his place of business in Savannah on April 30, 1976. On May 3, Savannah police received a telephone call from appellant's mother informing them that her son, Jack Reed and Benjamin Thomas were involved in the disappearance of Mr. Lampkin. She said her son was in Atlanta. On May 4, she informed police the appellant had returned to Savannah

------

and could be found at his sister's house. Appellant surrendered to police and upon arrival at the stationhouse, the Miranda warnings were read to him and a signed waiver obtained. He was questioned at nine o'clock on May 4 and told officers he knew nothing about the disappearance of Lampkin. That afternoon, Shavers' sisters were permitted to visit him alone. They told him their mother had been admitted to the hospital and urged him to tell the truth. At 2:30 p.m., a distraught appellant permitted a sister to tell the police he was ready to talk to them. Officers repeated the Miranda warnings, obtained a second signed waiver, and established that Lampkin was dead. They summoned a stenographer who took appellant's full statement in shorthand, typed it and later had it signed by appellant. This statement was read in full to the jury, following a Jackson-Denno hearing. This statement revealed that appellant, with Jack Reed and Benjamin Thomas, decided to rob Lampkin, who carried business receipts in his wallet, and steal his new Buick Electra. They kidnapped Lampkin from his drycleaning business, stuffed him in the trunk of his car and drove the car to Bartow. Lampkin freed himself and escaped near Yamacraw Village, but Reed pursued him on foot and recaptured him. Appellant and Thomas drove the car to the two men, picked them up, and put Lampkin in the front seat. They drove to a railroad station. There Reed shot and killed Lampkin. They dumped the body in the woods and drove to Atlanta. When appellant returned from Atlanta, the car was hidden near Bartow school, the men wiping most of the prints off the car.

Following the statement, appellant led officers to the automobile and then to Lampkin's body. While at the crime scene, appellant was again warned of his Miranda rights and following questioning, he told officers two pistols used in the robbery and murder were at his sister's house where they had picked him up and that Lampkin's .22 caliber rifle, carried in the trunk of his car, was at Seaborough's house. These weapons were recovered. Ballistics evidence confirmed that one of these pistols, a Smith & Wesson 9-mm. semi-automatic, was the murder weapon. Appellant's fingerprints were found on Lampkin's automobile on the left side of the lock on the

trunk of Lampkin's car, on the left front fender, the left rear fender, and on the right hood area.

There is no merit to appellant's contentions in enumerations one through four urging the general grounds and error in denying his motion for new trial. Appellant's statement was fully corroborated by the physical evidence introduced and showed appellant's continued participation in a conspiracy to rob, kidnap and murder Lampkin and flee to Atlanta with the fruits of the crime. There is no merit to appellant's contention that he abandoned the criminal enterprise and did not intentionally aid and abet in the commission of the crimes.

2. The evidence at the Jackson-Denno hearing clearly shows that appellant was prompted to confess by his sisters who informed him that his mother had been stricken and put in the hospital following his arrest. The appellant and his sisters testified this was the primary reason for his statement and not because he was induced by officers to confess so things would go easier on him. Enumeration 5 is without merit.

3. Brady v. Maryland, 373 U. S. 83 (1963) does not require that appellant be allowed to make a complete inspection of the district attorney's file nor require the state to produce "any and all tangible objects, currency, weapons, books, papers and documents obtained from and belonging to defendant." The trial court made an in-camera inspection of the district attorney's file and found nothing exculpatory. See Chenault v. State, 234 Ga. 216, 221 (215 SE2d 223) (1975). Enumeration 6 is without merit.

4. Enumerations 7 and 8 are also without merit. There was no showing that the district attorney deliberately left a photograph of the deceased lying on his table in order to prejudice the jury nor that any of the jury saw the photograph. Further, it was not error for the court to inform the jury that "the defendant would have opening and closing arguments because no evidence had been put up." This is a correct statement of the law and if appellant thought it prejudicial, a proper objection should have been made to preserve the issue for review on appeal. Code Ann. § 27-2201; Allen v. State, 235 Ga. 709, 715 (221 SE2d

405) (1975).

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 19, 1979 — DECIDED OCTOBER 17, 1979.

*Herman W. Coolidge, Jr.,* for appellant.
*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.