## 35996. WALSTON v. THE STATE.

JORDAN, Presiding Justice.

Garland Murphy Walston was convicted of the murder of Jimmy Byron Kesler and sentenced to life imprisonment. His motion for new trial was denied and he appeals.

The evidence disclosed that the appellant and the victim had been drinking for several hours, visiting numerous places in Tennessee and Georgia. Upon returning to the appellant's house, they began to argue about a previous disagreement. According to a statement made by appellant to police, the victim fired at him with a .25 caliber pistol, missed him and the bullet lodged in the ceiling. At that time appellant stated that he reached for his rifle and shot the victim several times in the head at a distance of approximately ten feet. He then sent his son to get the sheriff. When an officer responded to the call, the appellant told him, "He shot at me, I shot back at him, and killed him, get that dead son of a bitch out of my house."

Expert testimony revealed that there were numerous gunpowder particles on the victim's skin surrounding the three wounds to the head; that microscopic wipings of the victim's hands to ascertain whether he had fired a weapon were negative; that a person shooting a .25 caliber pistol who did nothing to dislodge residue from his hands would have particles of barium, antimony and lead on the web section of the hand that fired the weapon. There was further expert testimony that the bullets removed from the victim had definitely not been fired from the rifle which appellant said was the weapon he used; that the bullet removed from

the ceiling was probably not fired from the pistol found next to the victim's body; and that powder burns on the victim's face indicated that the murder weapon had been fired at a distance of 18 inches or less from the victim's face; that the alcohol level in the victim's blood was .33 grams and that a person might become unconscious at an alcohol level between .25 and .40 grams.

1. An examination of the record reveals that the general grounds are without merit. A rational trier of fact could find the evidence sufficient to find the appellant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Shavers v. State,* 244 Ga. 491 (260 SE2d 491) (1979). A rational juror could have concluded that the appellant killed the victim by firing three shots in his head at close range while the victim was in a drunken stupor.

2. Appellant contends that the trial court erred in refusing to charge upon request that where there is some evidence of self-defense, the defendant does not have the burden to prove that he acted in self-defense but that the state must prove beyond a reasonable doubt that he did not act in self-defense. This contention is without merit. The trial court charged on self-defense in the language of Code Ann. § 26-902 (a) and this did not have the effect of shifting the burden of proving self-defense on the appellant. The trial court further charged that the appellant entered the trial with the presumption of innocence in his favor and that he could not be convicted unless the state proved each element of the crime beyond a reasonable doubt. *Maddox v. State,* 241 Ga. 398 (1) (245 SE2d 654) (1978). The jury instructions must be considered as a whole. *Wood v. State,* 243 Ga. 273 (253 SE2d 751) (1979).

3. Appellant contends that the trial court erred in failing to instruct the jury on the law of voluntary manslaughter. The failure to instruct on a lesser included crime is not error, regardless of whether the evidence would have authorized or demanded such a charge, in the absence of a written request. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976); *Smith v. State,* 236 Ga. 5, 10 (222 SE2d 357) (1976); *Bouttry v. State,* 242 Ga. 60, 61 (247 SE2d 859) (1978).

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 29, 1980 — DECIDED APRIL 8, 1980.

*Roger R. Auman, Jr.,* for appellant.

*William M. Campbell, District Attorney, William P. Slack, Assistant District Attorney, Arthur K. Bolton, Attorney General, Nicholas G. Dumich, Staff Assistant Attorney General,* for appellee.