## 70027. PYBURN v. THE STATE.
(332 SE2d 899)

BENHAM, Judge.

This appeal is from appellant's conviction of armed robbery and possession of a firearm by a convicted felon.

1. Relying on *Head v. State*, 253 Ga. 429 (322 SE2d 228) (1984), appellant contends that the trial court erred in failing to bifurcate the trial so that the jury would not be aware, while considering the armed robbery charge, of appellant's prior felony conviction. We find no error for the simple reason that appellant made no request for severance of the offenses or bifurcation of the trial. *Head* requires that the trial court take such action if it is requested, but imposes no duty on the trial court to do so on its own motion.

2. Appellant's second enumeration of error is related to the first: he complains of the trial court's failure to instruct the jury as to the limited purpose for which the evidence of a prior felony conviction could be used. This argument must fail for essentially the same reason as the first: appellant made no request for limiting instructions and made no objection to the evidence of the prior conviction. In *Head*, in considering circumstances under which bifurcation is not necessary, the Supreme Court said, *"On request,* the trial judge shall carefully instruct the jury as to the proper limitations upon their consideration of any evidence of prior convictions." (Emphasis supplied.) Id. at 432. In addition, "[i]t is well recognized that when evidence is admitted for one purpose, as it was in the instant case, it is not error for the court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, *in the absence of a request to so instruct the jury.* [Cits.]" *Harrell v. State*, 241 Ga. 181, 186 (243 SE2d 890) (1978). Under the circumstances of this case, we find no error in the trial court's failure to charge, without request, on the limitations on consideration of evidence of appellant's prior conviction.

3. Appellant's third enumeration of error complains of the trial court's failure to strike a prospective juror for cause. The record shows that that juror was excused by the exercise of a peremptory strike by the State. Since the excusal did not cost appellant one of his peremptory strikes, any error in the trial court's refusal to strike the juror for cause was clearly harmless.

4. Appellant's fourth and fifth enumerations of error relate to the trial court's refusal to strike two other prospective jurors on whom appellant used two peremptory strikes, eventually exhausting his strikes before the jury selection was completed. One juror was acquainted with the victim and one with a police witness, and each initially indicated that she would be biased in favor of her acquaintance's credibility. However, on questioning by the trial court, both jurors said they could put aside their prior knowledge and judge the case fairly on the evidence.

"On the basis of the record, it appears that the factual circumstances of this case clearly come within the purview of the rule that 'the fact that a juror has formed an opinion about the credibility of a witness does not mandate that he be excused for cause. [Cits.] Where an otherwise qualified juror indicates that he can and will fairly evaluate the evidence, the party who wishes to eliminate him must do so by means of the peremptory strike. There was no abuse of discretion in the trial court's failure to strike [these] prospective [jurors] for cause.' [Cit.]" *Strong v. State*, 161 Ga. App. 606, 607 (288 SE2d 921) (1982).

5. Another juror informed the court, after the jury had been selected, that she belatedly realized that one of the police officers listed

as a witness had been a student of hers when he was in high school. The denial of appellant's motion for mistrial on that ground is appellant's sixth enumeration of error.

Whether or not the juror would have been subject to challenge for cause, we find no harm to appellant in the court's decision, since the record shows that the witness the juror taught never testified. That being so, any relationship between the juror and the witness was irrelevant.

6. Appellant's assertion in his seventh enumeration of error that his conviction is unauthorized because no one identified him in court as the robber is directly at odds with the record. The person listed in the indictment as the victim stated positively at trial that appellant was the robber. This enumeration of error is without merit.

7. Appellant's eighth enumeration of error is that he was wrongfully prevented from questioning the victim with regard to her husband's recent arrest on an unrelated charge. Even if the restriction of appellant's cross-examination on that issue was error, which we doubt (see *Anderson v. State*, 165 Ga. App. 885 (5) (303 SE2d 57) (1983), revd. on other grounds, 252 Ga. 103 (312 SE2d 113) (1984)), there was no harm to appellant since the information he sought was placed before the jury during cross-examination of the victim's husband himself. "No prejudice is shown . . . where evidence which has substantially the same effect as that sought to be elicited is subsequently admitted and placed before the jury for consideration. [Cit.]" *Henderson v. State*, 161 Ga. App. 211, 212 (288 SE2d 284) (1982).

8. In his ninth enumeration of error, appellant complains that the admission into evidence of a pistol was error because no foundation was laid to link the pistol to the crime and because there was no adequate chain of custody shown. A review of the record shows that testimony was admitted concerning a statement by appellant that he committed the crime with a nickel-plated .32 caliber pistol belonging to his father. Other testimony revealed that on the night of the robbery, appellant's father surrendered a nickel-plated .32 caliber pistol to police officers. One officer testified that he saw a pistol handed to another officer by appellant's father. Another officer testified that the pistol introduced at trial was the one that he received from the second officer. That evidence brings this case within the rule stated in *Kates v. State*, 152 Ga. App. 29, 30 (262 SE2d 221) (1979): "It is not necessary that the authenticity of an exhibit be proved to an absolute certainty. [Cits.] Unlike fungible items, distinct physical objects which can be identified upon mere observation require no custodial proof for their admission. [Cits.]" The ninth enumeration of error is without merit.

9. The police officer who testified about the surrender of the pistol mentioned above was not the officer to whom the gun was surren-

dered by appellant's father. Appellant argues in support of his 10th enumeration of error that the officer's testimony was hearsay because the conduct he described occurred outside of appellant's presence. We are aware of no authority, and appellant has offered us none, which forbids testimony concerning events at which an accused was not present. The officer's testimony recounted only his observation of the events and did not include any conversations. His testimony was not based on "the veracity and competency of other persons" (OCGA § 24-3-1), and was not, therefore, hearsay.

10. The witnesses to the robbery testified that the robber wore a blue or dark "toboggan." For that reason, appellant insists in his 11th enumeration of error that the admission into evidence of a red toboggan found by police officers attempting to track the robber was error. We disagree.

The officers who were tracking the robber found the red toboggan and a pair of pantyhose with eye and mouth holes cut out. Appellant's statement, admitted into evidence after a hearing concerning its voluntariness, included an admission that he had worn a red toboggan and a pantyhose mask. That evidence was sufficient to present to the jury the question of whether the articles introduced at trial were those worn by appellant. *Kates*, supra.

As to the conflict in the State's evidence concerning the color of the toboggan worn by the robber, we find applicable the rule stated in *Smith v. State*, 161 Ga. App. 240 (288 SE2d 304) (1982), where the State's evidence concerning the chain of custody of evidence was in conflict: "The fact that the testimony of the state's witnesses does not agree in all details goes to its weight but does not affect the admissibility of the evidence. [Cits.]" There was no error in admitting the toboggan or the pantyhose mask into evidence.

11. Appellant's attack, in his 13th enumeration of error, on the trial court's charge on reasonable doubt is controlled adversely to him by *Arnold v. State*, 131 Ga. 494 (62 SE 806) (1908).

12. Without citation to applicable authority, appellant argues in support of his 14th enumeration of error that the trial court should have given, without request, an instruction that the jury, in considering appellant's statement to a police officer, take into account appellant's alleged intoxication at the time the statement was made. We find no merit in that argument.

The trial court gave a full and complete charge on the issue of appellant's statement. Had appellant wished a different charge on that collateral issue, he could have requested one. "[T]hough present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the . . . failure to give instructions to the jury [cits.], this does not relieve him from the necessity of requesting instructions except in those cir-

cumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence. [Cits.]" *Hardin v. State*, 141 Ga. App. 115 (2) (232 SE2d 631) (1977). This case does not fall within the exception noted above, and there was no error in the trial court's failure to give the unrequested charge.

13. The indictment in this case alleged that money belonging to the Golden Gallon was taken from a named person. Appellant contends in his 15th enumeration of error that there was a fatal variance between the allegations of the indictment and the proof at trial in that there was no evidence that the money belonged to the Golden Gallon and because the victim named in the indictment was not the person in charge at the time of the robbery. The evidence was clear, however, that the money was taken from the cash drawer of the Golden Gallon and that the named victim was present and on duty at the time of the robbery. That proof was sufficient under the indictment. *Wilson v. State*, 148 Ga. App. 368 (2) (251 SE2d 387) (1978).

14. Appellant's last three enumerations of error raise the general grounds. The evidence at trial showed that appellant entered a store, displayed a pistol, demanded and took the paper money from the store's cash drawer, and fled, only to be arrested later in the evening with money in his boot almost exactly matching in amount the money taken from the store. That evidence was sufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that appellant was guilty of the offense with which he was charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED MAY 31, 1985 —
REHEARING DENIED JUNE 18, 1985.

*Ross L. Hatcher III*, for appellant.
*David L. Lomenick, Jr., District Attorney, David J. Dunn, Jr., Assistant District Attorney*, for appellee.