## 52515. REESE v. THE STATE.

McMURRAY, Judge.

Defendant was convicted of theft by taking and sentenced to serve 60 days in confinement, followed by ten months on probation. Motion for new trial was filed and denied, and defendant appeals. *Held:*

1. Defendant was caught in a mercantile establishment stuffing a shirt rolled up on a hanger into his trousers, making a considerable bulge. When

approached by the vice president of the mercantile establishment he removed the hanger with the rolled up shirt.

On cross examination counsel for defendant sought to have the witness, the vice president of the mercantile establishment, demonstrate how the defendant had stuck the shirt down the leg of his trousers and to have him walk with it. The court refused to allow this demonstration. Such a demonstration is largely within the discretion of the trial court and there was no error in refusing to allow same. *Hudson v. State,* 46 Ga. App. 668 (1) (168 SE 912); *Miller v. State,* 53 Ga. App. 275 (1) (185 SE 372). There was no denial of a thorough and sifting cross examination requiring the witness to show how the defendant had concealed the shirt hanger and to walk in this manner, even though the witness had already demonstrated the shirt stuffing episode on direct examination. *Geiger v. State,* 129 Ga. App. 488, 496 (4) (199 SE2d 861) is not controlling here as the demonstration as to the walking was not part of the direct examination.

2. In rebuttal, the president of the mercantile establishment was allowed to testify as to a conversation between the vice president of the mercantile establishment, the defendant and a companion as to whether or not either defendant or the companion should pay for the shirt. This occurred immediately after the defendant was caught. It was not testimony to rebut that of the defendant but again it was a matter of discretion and was not so gross and palpable that the court could not allow this testimony. The court then allowed the defendant to rebut this testimony. Nothing in *Walker v. Walker,* 14 Ga. 242 (5) requires the grant of a new trial. The court had ample authority during the trial of the case to allow both the state and the defense to reopen and offer additional testimony. No harmful error has been shown requiring a new trial.

3. In addition, defendant enlarges upon the second enumeration of error complaining of the illegal admission of prejudicial testimony by arguing that the court erred in charging the law that admissions or incriminating statements must be scanned with care. An enumeration of error cannot be enlarged to include other issues not made

therein. *Nathan v. Duncan,* 113 Ga. App. 630, 637 (149 SE2d 383); *Hohlstein v. White,* 117 Ga. App. 207, 208 (2) (160 SE2d 232); *Hess Oil &c. Corp. v. Nash,* 226 Ga. 706, 709 (177 SE2d 70); *Rider v. State,* 226 Ga. 14 (2) (172 SE2d 318).

*Judgment affirmed. Marshall and Smith, JJ., concur.*

SUBMITTED SEPTEMBER 7, 1976 — DECIDED SEPTEMBER 27, 1976.

*Elkins & Flournoy, Paul R. Gemmette,* for appellant.
*Thomas Hughley, Solicitor, Robert G. Johnston, III, Assistant Solicitor,* for appellee.