## 53291. WALDROP v. THE STATE.

DEEN, Presiding Judge.

The defendant appeals his conviction of theft by taking.

The state's witness, a police officer, testified that he observed two white males looking into an automobile and that "it appeared they were attempting to gain entrance" into it; when he approached, the witness said the two men, one of whom was known to the policeman, crossed the street and drove off. The officer followed the vehicle and when it stopped again, the officer saw Richard Abercrombie, whom he knew, and the defendant, whom he did not know, get out and approach a pickup truck; the witness then stated: "It appeared to me from where I was then they gained entrance into the pickup truck and removed something." The officer then radioed for help and Abercrombie, carrying a CB radio, and the defendant returned to their own vehicle. The vehicle containing Abercrombie, the defendant and two others was followed and a radio identified as that taken from the truck which had been under observation by the officer was tossed to the side of the road. The vehicle was stopped and the arrest made.

The defendant's story was that it was solely Abercrombie's idea to steal a radio and that he, Waldrop, had gotten out with Abercrombie only to talk his friend out of it. The defendant stated that he was successful in dissuading Abercrombie once (when they were at the automobile where the officer first observed them) but that he was unsuccessful when he and Abercrombie approached the truck. The defendant's story was corroborated by Abercrombie who testified that it was his idea to steal the radio alone and that the defendant had followed him in order to talk him out of committing the crime.

It was the duty of the jury to weigh this evidence. They were authorized to find that the defendant and Abercrombie were seen attempting to enter a car not belonging to them; that they were seen gaining entry to a truck; and, that Abercrombie was seen leaving the truck with a stolen radio. We find that this evidence taken

together is sufficient to satisfy the requirements of Code Ann. § 26-801, that the defendant did intentionally aid and abet Abercrombie in carrying out a theft by taking, and that, therefore, he was concerned in, and may be convicted of, the commission of the crime. *Cunningham v. State,* 235 Ga. 126 (218 SE2d 854) and cits. See also *Simmons v. State,* 129 Ga. App. 107 (198 SE2d 718).

*Judgment affirmed. Webb and Marshall, JJ., concur.*

SUBMITTED JANUARY 7, 1977 — DECIDED JANUARY 18, 1977.

*J. Douglas Willix,* for appellant.

*Lewis R. Slaton,* District Attorney, *Joseph J. Drolet, Dean R. Davis, Melvin H. Jones,* Assistant District Attorneys, for appellee.