## 56928. HURSTON et al. v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.

DEEN, Presiding Judge.

Juanita Marie Hurston brought suit against Milford Bradley Stevens and Daniel Wayne Jackson for injuries allegedly sustained in an automobile accident which occurred while Jackson was driving Stevens' automobile while Stevens was present in the vehicle. After taking Stevens' deposition in which he revealed that he and Hurston conspired to defraud his insurer, the insurance company filed a petition for declaratory judgment against Hurston, Stevens and Jackson seeking to be relieved of its obligations to defend the defendants in Hurston's suit. A jury trial was held on the conspiracy issue and the jury found that Stevens and Hurston wrongfully conspired to obtain insurance proceeds from the insurance company. After the jury verdict was announced, the trial judge issued an order which held that the insurance company had no further duty or obligation under its contract with Stevens to continue furnishing Stevens and Jackson with any further defense in the lawsuit and that the company was relieved from any responsibility for paying any judgment rendered in favor of Hurston against Stevens and Jackson. Hurston, Stevens and Jackson filed a notice of appeal from the denial of a motion for a new trial, but only Hurston has filed an enumeration of errors and a brief in this court.

1. Appellant contends that the trial court erred in

issuing its order of "no obligation to defend" without conducting a hearing to determine whether or not Georgia Farm Bureau Ins. Co. had been injured by Stevens' statement.

Stevens' insurance policy contains a cooperation clause which provided: "The insured shall cooperate with the company and, upon the company's request, attend hearings and trials and assist in making settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of any legal proceedings in connection with the subject matter of this insurance. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of the accident."

It is well established that the insured has a duty to cooperate with his insurer in all aspects of a lawsuit and to make a full, fair, complete, and truthful disclosure of all facts relating to the accident. *St. Paul Fire &c. Ins. Co. v. Gordon,* 116 Ga. App. 658 (158 SE2d 278) (1967). As the cooperation clause of a liability policy is a material condition of liability, breach of this clause by an insured relieves the insurer of liability, and if the facts as either stipulated or shown by the evidence demand a finding of a breach of the clause by the insured, a verdict should either be directed or entered for the insurance company. *Wolverine Ins. Co. v. Sorrough,* 122 Ga. App. 556 (177 SE2d 819) (1970). "Wilfulness and fraud are essential ingredients to substantiate the defense of failure to cooperate." *State Farm Mut. Auto. Ins. Co. v. Wendler,* 117 Ga. App. 227, 231 (160 SE2d 256) (1968). ". . .[T]he cooperation clause will be deemed to be violated if the insured by collusive conduct appears to be assisting the claimant in the maintenance of his suit rather than the insurer." Elliott v. Met. Cas. Ins. Co. of New York, 250 F2d 680, 684, 66 ALR2d 1231 (1957), cert. den. 356 U. S. 932 (78 SC 774, 2 LE2d 762) (1958). In the present case, the jury found a conspiracy between Hurston and Stevens to defraud Stevens' insurer. As the existence of a conspiracy was the only issue to be decided in determining whether or not Stevens breached his contract with his insurer, it was

not error for the trial court to grant a declaratory judgment in favor of the insurance company at the conclusion of the jury trial without holding a hearing to determine if the company had been injured by Stevens' admission in the deposition or whether it could defend the action with knowledge of the statement. This enumeration is therefore without merit.

2. Appellant attempts to enlarge upon her first enumeration of error by complaining that the order of the trial court erroneously relieved the insurance company of its obligation to defend Jackson. "An enumeration of error cannot be enlarged to include other issues not made therein." *Reese v. State,* 139 Ga. App. 630, 631 (229 SE2d 111) (1976).

3. Error is enumerated upon the trial court's denial of Hurston's motion for a new trial. As the motion alleges the general grounds and appellants' brief contains neither argument nor citation of authority to support this enumeration, it is deemed abandoned. Court of Appeals Rule 18 (c) (2).

4. As appellant's third enumeration of error pertains to an issue not raised in the court below, it may not be raised for the first time on appeal. *Sanders v. State,* 134 Ga. App. 825 (216 SE2d 371) (1975).

5. Appellant complains that the trial court erred in charging the jury ". . . a breach of a cooperation clause which would justify the insurer in withdrawing from the defense. . . must be some substantial and material lack of cooperation" because the sole question before the jury was whether a conspiracy existed and there was no question of cooperation of defendant Stevens in any other manner. An examination of the full charge shows that the court was explaining that the purpose of a cooperation clause is to protect the insurer in its defense of any suit brought against it and to prevent collusion between the injured party and the insured and that in order to find a conspiracy one of the facts they were required to find was that Hurston and Stevens intended to deceive, defraud and injure the insurance company. Code Ann. § 81A-149 (CPA Rule 49) entitled "Special Verdicts" provides in part: "The court shall give to the jury such explanation and instruction concerning the matter thus submitted as

may be necessary to enable the jury to make its findings upon each issue." We find no error.

Accordingly this judgment must be affirmed.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED NOVEMBER 14, 1978 — DECIDED DECEMBER 1, 1978.

*James E. Weldon, H. J. Thomas, Jr., Ken Gordon,* for appellants.

*Richter, Willis & Keeble, Jerry Willis,* for appellee.