## 62603. THE STATE v. SHEAD.

BIRDSONG, Judge.

Motion to Suppress. Arvis A. Shead, Jr. was arrested and charged by traffic ticket violations with driving under the influence, driving without proper insurance, and reckless driving. Shead demanded trial by jury whereupon an accusation was filed and date for arraignment set. Shead waived formal arraignment on January 8, 1981, and trial was scheduled. For several valid reasons, the trial date was repeatedly delayed. Ultimately trial was set for May 27, 1981. Rule 10-A of the State Court of Cobb County requires all motions to be filed within five days of arraignment. In spite of this time limitation, on May 1, 1981 Shead filed a motion to suppress the results of a previously administered blood test, almost four months after the date of arraignment. The motion identified the matter to be suppressed as a blood test conducted by a named police officer on July 20, 1980. The grounds for suppression were that the defendant (Shead) had not been informed of his right to an independent test of blood or urine and that there had been no probable cause to believe that Shead was driving under the influence.

On May 27, 1981, a hearing was conducted on the motion to suppress with all parties present and represented. The state moved to dismiss the motion to suppress on the grounds that the motion was

filed in violation of Rule 10-A and thus not timely, and that the grounds of the motion to suppress were not sufficiently specific to allow the state to reply or the court to rule. After these motions were denied by the court, the state argued that the proper time to present the objection was at time of trial and declined to present evidence on a motion hearing. The trial court concluded that the state had not met its burden of showing that the seizure of the blood was in accordance with the law and sustained the motion to suppress. The state now brings this appeal urging as error the grant of the motion and ordering the suppression of the results of the blood test. *Held:*

1. In its first enumeration of error, the state argues that the local rule of the State Court of Cobb County requiring the filing in criminal cases of all motions within five days of arraignment is not in contravention of Code Ann. § 27-313 inasmuch as Code Ann. § 27-313 does not contain a time limitation. Thus unless Rule 10-A of the State Court of Cobb County contravenes Code Ann. § 24-106 ("The rules of the respective courts, legally adopted and not in conflict with the Constitution of the United States or of this State, or the laws thereof, are binding and must be observed"), appellant's motion was indeed untimely. See *Pate v. Milford A. Scott Real Estate Co.,* 132 Ga. App. 49 (207 SE2d 567).

While it is true that Code Ann. § 27-313 does not itself specify a period of time within which a motion to suppress must be filed, several decisions of this court have construed Code Ann. § 27-313 to allow the filing of a motion to suppress at any time prior to trial. See in this regard: *Perryman v. State,* 149 Ga. App. 54 (253 SE2d 444); *Gray v. State,* 145 Ga. App. 293 (243 SE2d 687). Thus it is clear that Code Ann. § 27-313 has been interpreted as being limited in time only to requiring the filing of a motion to suppress prior to the joining of issues. Once the court interprets a statute, that interpretation becomes an integral part of the statute and any subsequent "reinterpretation" would be the same as a judicial alteration of language placed in the statute by the General Assembly itself. *Jones v. Swett,* 244 Ga. 715, 717 (261 SE2d 610); *Walker v. Walker,* 122 Ga. App. 545 (178 SE2d 46). We are not seeking to declare local Rule 10-A to be totally inconsistent with a statute and thus of no legal effect, for we are convinced that its purpose is beneficent to state and defendants alike. But insofar as the rule attempts to limit a defendant's right to file a written motion for suppression of evidence to a period of five days after arraignment, we find it to be in direct conflict with the rights afforded by Code Ann. § 27-313. Thus, we conclude, as did the trial court, that the motion was timely filed.

2. In its next enumeration the state argues that the motion was not sufficiently detailed to withstand a motion to dismiss. At least as

to the contention by appellee Shead that the suppression of the blood test was sufficiently identified, we are in agreement. We find that allegations that a blood test conducted by a named officer on a specific date pertaining to an accusation of driving under the influence on that same date, in which it is alleged the officer did not advise the suspect that he had a right to an independent blood or urine test is of sufficient specificity to put the state and the court on notice as to that of which complaint is being made. See *Hulsey v. State,* 138 Ga. App. 221, 222 (225 SE2d 752); *Rogers v. State,* 131 Ga. App. 136, 138 (1) (205 SE2d 901). The court did not err in so holding.

3. The third ground of its enumeration of error finds the state arguing that the objection to the admissibility of the results of the blood test are more properly presented at trial on the merits and not during a motion to suppress. As a result of this position, the state did not present any evidence as to the legality of the seizure of the blood sample. The state's argument in this regard has recently been considered by this court in the case of *State v. Johnston,* 160 Ga. App. 71. In that case the same argument as now being made by the state was considered and rejected. We held in that case that the defendant could present his arguments by way of a motion to suppress or by way of objection at time of trial. The state did not meet its burden in showing that the seizure of the blood was conducted within the parameters established by statute. Accordingly, it follows that the trial court did not err in suppressing the results of the test. *State v. Mabrey,* 140 Ga. App. 577, 579 (231 SE2d 461).

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 30, 1981.

*Herbert A. Rivers, Solicitor, Charles S. Hunter, Assistant Solicitor,* for appellant.
*George W. Darden,* for appellee.