## 37637. FOSTER v. THE STATE.

CLARKE, Justice.

Curtis Lee Foster was convicted of the murder of Bobby Gene Powell, Chief of Police of Swainsboro, Georgia. He was sentenced to life imprisonment for the murder and an additional twelve months for violation of the Georgia Controlled Substances Act. Foster alleges the following as error: (1) the trial court failed to charge the jury on voluntary and involuntary manslaughter; (2) the court erred in allowing the state to cross-examine its own witness as to prior inconsistent statements; and (3) the court erred in failing to discharge a juror for cause.

The shooting of Powell occurred following an attempt by numerous law enforcement officials to stop appellant, who had been shooting his gun in Swainsboro. Chief Powell had deployed men in four police cars in the area in which appellant had been spotted. The officers heard two gunshots and then heard on their radios that an officer had been shot. Powell was found in his car, having been shot. Three witnesses, who were playing ball in the area, testified to seeing two persons scuffling on the ground and to hearing two gunshots. One of these witnesses testified that the shots were fired as one man knelt over the other. The other two testified to hearing something hit the ground, hearing two gunshots and seeing fire come out of the gun.

According to appellant's statements to police and later at trial, he was spotted by Powell, who attempted to place him under arrest. A scuffle ensued as he attempted to hand his gun to Powell, and the gun was discharged twice. At trial, appellant also stated that Powell struck him on the neck before the scuffle began. Both before and during trial, appellant stated that during the struggle Powell tried unsuccessfully to remove his gun from his holster.

According to the testimony of a Georgia Bureau of Investigation agent, one of the witnesses to the struggle, Craig McKinney, told him on the day following the shooting that he witnessed appellant on top of Powell, that Powell twice cried out for appellant not to shoot him, and that he saw appellant reach toward his pants, then heard two shots while seeing fire coming from appellant's hand. McKinney denied these statements at trial.

1. Appellant assigns as error the trial court's failure to charge the jury on voluntary and involuntary manslaughter. We do not need to reach the question whether there was evidence which would have required a charge of voluntary manslaughter or of involuntary manslaughter for the reason that there was no written request that either charge be given. We have held that, in the absence of a written request, failure to charge the lesser included offenses of voluntary or involuntary manslaughter is not error. *Walston v. State,* 245 Ga. 572 (266 SE2d 185) (1980); *Maher v. State,* 239 Ga. 305 (236 SE2d 647) (1977); *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976), cert. den. 429 U. S. 833 (1976).

2. Appellant contends that the court erred in allowing the state to impeach its own witness, Craig McKinney, by the testimony of a G.B.I. agent as to prior inconsistent statements given by McKinney. Although ordinarily a party may not impeach its own witness, when he can show the court that he has been entrapped by the witness' prior contradictory statement, impeachment will be allowed. Code Ann. § 38-1801. Furthermore, a witness may be impeached by his own prior inconsistent statements. Code Ann. § 38-1803. *Wilson v. State,* 235 Ga. 470 (219 SE2d 756) (1975); *Wisdom v. State,* 234 Ga. 650 (217 SE2d 244) (1975); *Gary v. State,* 156 Ga. App. 856 (275 SE2d 830) (1980). The hearsay testimony of the G.B.I. agent as to McKinney's prior statements was not harmful to appellant because the court made it clear to the jury by instructions before and immediately after his testimony and by its charge to the jury that the prior inconsistent statements of McKinney were to be considered for impeachment only and not for the truth of the matters therein. Under the totality of the circumstances, there was no error in admitting the testimony of the prior inconsistent statements of McKinney. *Knight v. State,* 239 Ga. 594 (238 SE2d 390) (1977).

3. In his final enumeration of error, appellant objects to the failure of the trial court to excuse for cause a prospective juror who expressed grief at the death of the police chief and who indicated that he would tend to believe the testimony of Sheriff Mason or Reginald Thompson, two law enforcement officers whom he had known all his life, over that of a person whom he did not know. When asked by the court if he had prejudged the testimony of Sheriff Mason and would

take anything he said as true and not consider the other person's testimony, the prospective juror said this had not been his intent. Further, the prospective juror answered affirmatively when asked if he could fairly and impartially evaluate the testimony given from the witness stand. The trial court has wide discretion in deciding whether a juror should be excused for cause. *Taylor v. State,* 243 Ga. 222 (253 SE2d 191) (1979). The fact that a juror has formed an opinion about the credibility of a witness does not mandate that he be excused for cause. *Tennon v. State,* 235 Ga. 594 (220 SE2d 914) (1975), cert. den. 426 U. S. 908 (1976).

Where an otherwise qualified juror indicates that he can and will fairly evaluate the evidence, the party who wishes to eliminate him must do so by means of the peremptory strike. There was no abuse of discretion in the trial court's failure to strike this prospective juror for cause.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 4, 1981.

*Roosevelt Warren, Kenneth D. Kondritzer,* for appellant.
*H. Reginald Thompson, District Attorney, Arthur K. Bolton, Attorney General, Nicholas G. Dumich, Assistant Attorney General,* for appellee.