## 62951. STRONG v. THE STATE.

CARLEY, Judge.

John Leon Strong appeals from his conviction of violating the Georgia Controlled Substances Act, running a stop sign, speeding, driving without a license and attempting to elude a police officer on February 1, 1981.

1. It was not error for the trial court to refuse to quash the indictment for failure to grant a commitment hearing. *State v. Middlebrooks,* 236 Ga. 52 (222 SE2d 343) (1976).

2. The trial court did not err in dismissing the defendant's first motion to suppress which did not state any facts showing wherein the search and seizure were unlawful, but merely alleged that there was no probable cause for the police officer to stop his vehicle. *State v. Hodge,* 154 Ga. App. 293 (267 SE2d 906) (1980).

3. Assuming, without deciding, that the trial court erred in dismissing the defendant's second motion to suppress as untimely filed, see *State v. Shead,* 160 Ga. App. 261 (1) (286 SE2d 767) (1981), the court would not have erred in denying the motion if it had been considered on its merits.

The evidence showed that while attending a funeral in Moultrie, Sgt. Smith received a tip from a reliable informant that the defendant would be going to Sylvester to pick up some marijuana and would be returning to Moultrie in a light blue Camero automobile. As Smith was leading the funeral procession towards Sylvester, he passed the defendant driving the blue Camero towards Moultrie. The officer radioed the Moultrie police department and asked them to look out for the defendant in the blue automobile and relayed the information he had received from the informant. Officer Bostick responded to the call and followed the defendant for a short distance before signaling him to pull over. The officer got out of his car, approached the driver's side and asked him for his driver's license. When the defendant could not produce one, the officer advised the defendant that he had been informed that he was carrying contraband in his automobile and asked him to remain in his vehicle until another officer arrived to talk to him about it. When the second officer arrived, the defendant took off at a high rate of speed. Bostick drew his pistol and shot at the left rear tire of the defendant's vehicle before pursuing him at a high rate of speed (90-100 m.p.h.) during which time the defendant ran a stop

sign. When the rear tire flattened and the Camero came to a halt, the defendant reached into the rear seat of his car and came out with two white packages in his hands and started running. As he ran, he tore the packages open and scattered green leafy material behind him. The defendant was finally captured by the officers with a small white plastic bag containing green leafy material in his hands. The officers later gathered the leafy material off of the ground that had been scattered by the defendant during his flight. These facts show no reason for the trial judge to have granted a motion to suppress if he had considered the motion on its merits.

4. Appellant contends that the trial court erred in refusing to excuse, for cause, a potential juror. The challenged juror, on voir dire, said that he knew Sgt. Smith personally and that he would tend to believe Smith's testimony over that of someone else who might contradict his testimony. The juror stated that he considered Smith to be a "pretty honest fellow." Upon defendant's counsel making a motion that the juror be excused for cause, the court inquired of the juror as follows: "Alright, Mr. ————, if you were selected as a juror in this case, could you and would you listen to and give equal attention to the testimony of all the witnesses who testify without any pre-disposition as to the credibility of any of the witnesses and after you've heard all of the testimony from all of the witnesses and seen their manner of testifying, then, at that time, give to each witness just such credit as the witness deserves, *disregarding any present knowledge you have or relationship with any of these witnesses?* Could you and would you do that?" (Emphasis supplied.) To this inquiry by the court the juror replied "Yes sir." On later questioning the juror continued to indicate his belief in Smith's veracity by saying: "I would just believe Mr. Smith, whatever he said, I would give credibility to what he said." However, the juror did not withdraw his earlier affirmative response to the trial court to the effect that he could and would "give to each witness just such credit as the witness deserved" without regard to his relationship with any witness. Nor did the juror indicate in any way that his relationship with Smith would "incline [him] toward the prosecution." Compare *Bradham v. State,* 243 Ga. 638 (256 SE2d 331) (1979) as explained in *Cox v. State,* 248 Ga. 713 (285 SE2d 687) (1982).

On the basis of the record, it appears that the factual circumstances of this case clearly come within the purview of the rule that "[t]he fact that a juror has formed an opinion about the credibility of a witness does not mandate that he be excused for cause. [Cits.] Where an otherwise qualified juror indicates that he can and will fairly evaluate the evidence, the party who wishes to eliminate him must do so by means of the peremptory strike. There was no

abuse of discretion in the trial court's failure to strike this prospective juror for cause." *Foster v. State,* 248 Ga. 409, 411 (283 SE2d 873) (1981).

5. Although the defendant has a right to a thorough and sifting cross-examination, the trial court has the discretion to limit cross-examination and an appellate court will not control this discretion absent abuse. *Goodrum v. State,* 158 Ga. App. 602 (281 SE2d 254) (1981); *Mitchell v. State,* 236 Ga. 251 (223 SE2d 650) (1976). Counsel attempted to question the officer about his reliable informant when a relevancy objection was raised. We find no abuse of the court's discretion in sustaining the objection because the reliability of the informant was not an issue to be decided by the jury, but rather was an issue for the court in connection with the resolution of the defendant's motion to suppress.

6. The failure of the court to charge on the right of the defendant to avoid unlawful detention was not error. No timely written request for such a charge was made and the evidence, as set forth in Division 3 of this opinion, did not authorize such a charge. This enumeration is without merit.

In arguing this enumeration in his brief, the defendant also contends that the trial court allowed certain hearsay testimony into evidence. As enumerations of error cannot be enlarged to include other issues not made therein, this argument will not be considered by this court. *Reese v. State,* 139 Ga. App. 630 (229 SE2d 111) (1976).

*Judgment affirmed. Quillian, C. J., McMurray, P. J., Banke, Birdsong, Sognier and Pope, JJ., concur. Deen, P. J. and Shulman, P. J., dissent.*

DECIDED MARCH 12, 1982.

*Mary M. Young, Pat D. Dixon, Jr.,* for appellant.
*H. Lamar Cole, District Attorney, James B. Thagard, Assistant District Attorney,* for appellee.

DEEN, Presiding Judge, dissenting.

I must respectfully dissent as to Division 4. Although the juror initially indicated that he would give equal attention to the testimony of all the witnesses and would base his decision upon the evidence and disregard any present knowledge that he had of the witness, whom he considered to be "a pretty honest fellow," subsequent questioning by defense counsel as to his bias in favor of Officer Smith's testimony was shown when he replied, "I would just believe Mr. Smith, whatever he said, I would give credibility to what he said." Counsel then pursued the issue by asking, "But you are telling me that you

would believe Mr. Smith because of your having met him before and plus you know him?" The witness replied, "I believe I would." *The court did not question the juror further as to his ability to base his decision upon the evidence.*

As in *Bradham v. State,* 243 Ga. 638 (256 SE2d 331) (1979), Strong had to use all of his peremptory strikes before the jury was selected. "It is well established in Georgia that peremptory strikes are invaluable. When a defendant in a felony trial has to exhaust his peremptory strikes to excuse a juror who should have been excused for cause the error is harmful." Id. at 639. In *Bradham,* the court in reversing a Court of Appeals decision at 148 Ga. App. 89 (250 SE2d 801) (1978), held that the trial court erred in failing to excuse a juror for cause. The juror stated that he could be impartial, but when questioned by defense counsel stated that he had three sons who were law enforcement officers in another county and he would be inclined to give more credence to a police officer's testimony than a non-police witness. After this statement there was apparently no further questioning of the juror. See also *Cox v. State,* 248 Ga. 713, 714 (285 SE2d 687) (1982) which noted that the response in *Bradham* "clearly elicited bias in favor of the prosecution."

The *Bradham* case is distinguishable from *Foster v. State,* 248 Ga. 409 (283 SE2d 873) (1981) where a prospective juror expressed grief at the death of the police chief and indicated that he would tend to believe the testimony of two law enforcement officers whom he had known all his life over that of another person he did not know. When questioned by the court as to his prejudice in favor of one of the officers and whether he would take anything the officer said as true without considering the other person's testimony, the juror replied that had not been his intent. The juror further stated that he could fairly and impartially evaluate the testimony he would hear. In *Foster,* the court held that the court had a wide discretion in deciding whether a juror should be excused for cause and the fact that a juror has formed an opinion about the credibility of a witness does not require the court to excuse him for cause. *Taylor v. State,* 243 Ga. 222 (253 SE2d 191) (1979); *Tennon v. State,* 235 Ga. 594 (220 SE2d 914) (1975).

In the present case, the situation is almost identical with that in *Bradham.* Despite his claim to impartiality, the witness' subsequent responses indicated that he was not unbiased. Therefore, the trial court erred in failing to excuse the juror for cause.

I am authorized to state that Presiding Judge Shulman concurs in this dissent.