## 63436. WILLIAMS v. THE STATE.

Carley, Judge.

Appellant appeals from his conviction for armed robbery.

1. Appellant made a post-arrest statement to police officers. Appellant moved to suppress the statement and a Jackson-Denno hearing was held. The trial court denied appellant's motion and the statement was admitted into evidence at appellant's trial. Appellant enumerates as error the denial of his motion and the consequent admission of his statement into evidence.

Appellant first urges that his "arrest" was illegal and that his statement was inadmissible as a "fruit" of that illegal arrest. The evidence is clear that appellant was not the party who directly committed the crime. He was, however, an employee of the church whose funds were taken in the robbery and an "eyewitness" to the actual crime. Appellant gave the officers his description of the circumstances surrounding the crime, including a description of the actual perpetrator, a short time after the robbery occurred. After appellant's initial interview, it appears — and the trial court was

authorized to find — that the officers investigating the crime wished to question appellant further but not as a suspected party to the crime. The officers asked appellant if he would "mind going over to the Police Department and talking" to them in his capacity as an eyewitness and appellant agreed to do so. The officers testified that appellant was not asked to accompany them because he was a suspect but because it was more convenient to have him review and recount his eyewitness information at the police station where, apparently, another officer who would be involved in the investigation could be present. The officers further testified that they did not indicate to appellant that he was required to go to the police station for the interview and that had he not voluntarily agreed to the arrangement they "would have just left him alone." Appellant accompanied the officers to the police station where he was interviewed concerning his observation of the crime. During the course of the interview the officers determined that appellant became more evasive and suspicious in his account of the crime he had ostensibly merely observed being committed. At that point, the interview was terminated, appellant was placed under formal arrest as a suspect in the crime, advised of his Miranda rights and placed in a cell. The next day appellant signed a waiver of rights form and gave the statement which he now urges was erroneously admitted into evidence.

Appellant does not contend that his formal arrest after the second interview was "illegal." Rather, relying on Dunaway v. New York, 442 U. S. 200 (99 SC 2248, 60 LE2d 824) (1979), he asserts that he was in fact "arrested" at the time the officers requested that he accompany them to the police station for the second interview and that this "arrest" was illegal. "[D]etention for custodial interrogation — regardless of its label — intrudes so severely on interests protected by the Fourth Amendment as necessarily to trigger the traditional safeguards against illegal arrest." Dunaway, 442 U. S. at 216, supra. The fallacy in appellant's argument is that, under the evidence noted above, the trial court was authorized to find that appellant was not under arrest at the time he was asked to go to the police station and that, prior to his formal arrest, appellant was not subjected to a custodial interrogation but to an investigatory interview. See *Vaughn v. State,* 247 Ga. 136 (274 SE2d 479) (1981). Accordingly, the trial court was authorized to find that any statements that appellant made in that context and which served as the basis for his formal arrest were not the result of custodial interrogation. See *Chester v. State,* 157 Ga. App. 191 (276 SE2d 684) (1981).

At the time that his possible criminal involvement became apparent to the officers, the interview was terminated and appellant was arrested and given his Miranda warnings. While appellant's

testimony was to the effect that, contrary to Code Ann. § 38-411, his post-arrest statement was "induced by another, by the slightest hope of benefit or remotest fear of injury," this was contradicted by the state's evidence that the statement was voluntary and not so induced. See *Meyer v. State,* 150 Ga. App. 613 (258 SE2d 217) (1979).

That appellant's oral statement was reduced to writing by one of the officers who was present when it was given and was only signed by appellant is of no consequence. *King v. State,* 210 Ga. 92, 93 (2) (78 SE2d 20) (1953).

Other evidence upon which appellant relies as demonstrating that his statement was "involuntary" relates to factors which occurred subsequent to the giving of his statement. Accordingly, such evidence was and is irrelevant on the issue of whether the statement was or was not voluntary. See *Murphy v. State,* 146 Ga. App. 721, 723 (2) (247 SE2d 186) (1978), overruled on other grounds, *Bundren v. State,* 247 Ga. 180 (274 SE2d 455) (1981).

The trial court did not err in admitting appellant's statement into evidence.

2. Appellant enumerates as error the failure of the trial court to disqualify two jurors for cause. It is asserted that one juror had a preconceived opinion about the credibility of police officers. We have considered appellant's arguments with regard to this juror and find no error. See *Foster v. State,* 248 Ga. 409, 411 (283 SE2d 873) (1981); *Cox v. State,* 248 Ga. 713 (285 SE2d 687) (1982); *Strong v. State,* 161 Ga. App. 606 (288 SE2d 921) (1982). With reference to the second juror, it is appellant's contention that he held a preconceived notion of guilt. Based upon our review of the transcript of the voir dire, we find that the trial court did not err in refusing to excuse this juror for cause. See generally *Tennon v. State,* 235 Ga. 594, 595 (2) (220 SE2d 914) (1975); *Sullens v. State,* 239 Ga. 766 (1) (238 SE2d 864) (1977); *Taylor v. State,* 243 Ga. 222, 224 (3) (253 SE2d 191) (1979); *Holloway v. State,* 137 Ga. App. 124, 125 (2) (222 SE2d 898) (1975).

3. Appellant enumerates as error the admission into evidence of a transcript denominated as "Calling The Case For Trial." This transcript established that appellant was absent when his case was originally called, a fact which resulted in the forfeiture of his bond and the issuance of a bench warrant for his arrest. Also enumerated as error is the admission into evidence of an order of the trial court entered after appellant had been returned to the jurisdiction and which revoked appellant's bond on the ground that he posed "a risk of repeating such flight."

The evidence which appellant asserts was erroneously admitted was introduced for the legitimate purpose of showing appellant's flight. "Flight is always a circumstance which may be shown and a

jury is authorized to take into account in determining guilt or innocence of an accused. [Cits.] . . . [E]vidence that the defendant forfeited his appearance bond is admissible as tending to show flight. [Cits.]" *Johnson v. State,* 148 Ga. App. 702, 702-703 (252 SE2d 205) (1979). The comments of the trial judge were not hearsay for the reason discussed in *Genins v. Geiger,* 144 Ga. App. 244, 248 (5) (240 SE2d 745) (1977). And, "remarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence. [Cit.]" *Johnson v. State,* 246 Ga. 126, 128 (269 SE2d 18) (1980). Assuming without deciding that the transcript did contain one brief hearsay statement by defense counsel concerning what he had been told by appellant's mother, it was not error to admit the transcript into evidence for this reason. If the statement of defense counsel contained in the transcript was hearsay, it was merely cumulative of other evidence competently admitted in other parts of appellant's trial. See *Gunter v. State,* 243 Ga. 651, 662 (8) (256 SE2d 341) (1979).

4. Appellant asserts that the charge to the jury was deficient in two respects and suggests on appeal the language in which the jury should have been instructed, although no requests containing the "suggested" language were submitted to the trial court. " 'We have carefully scrutinized the charge of the court on the law in this case and find that in all respects the charge was appropriate to the issues, stated correct principles of law and adequately informed the jury of the legal guidelines necessary to decide the issues before it. It is not necessary in considering a charge to assume a possible adverse construction, but a charge that is sufficiently clear to be understood by jurors of ordinary capacity and understanding is all that is required. (Cit.) Furthermore, though present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the giving or the failure to give instructions to the jury ([cit.]) this does not relieve him from the necessity of requesting instructions except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence. (Cits.) No such error occurred in this case.' [Cit.] . . . [W]e find that the enumerations relating to the trial court's failure to give certain unrequested charges in the case at bar are without merit." *Ivie v. State,* 151 Ga. App. 496, 500 (5) (260 SE2d 543) (1979).

5. It was not error to deny appellant's motion for a directed verdict of acquittal. See generally *Swarn v. State,* 230 Ga. 552 (198 SE2d 177) (1973); *Jones v. State,* 245 Ga. 592, 594 (1) (266 SE2d 201) (1980); *Holiday v. State,* 128 Ga. App. 817 (198 SE2d 364) (1973);

*Gentry v. State,* 129 Ga. App. 819, 821 (1) (201 SE2d 679) (1973); *Waldrop v. State,* 141 Ga. App. 58 (232 SE2d 395) (1977).
*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED APRIL 30, 1982 —
REHEARING DENIED MAY 18, 1982.

*H. G. Bozeman,* for appellant.
*Beverly B. Hayes, District Attorney, H. Jeff Lanier, Assistant District Attorney,* for appellee.