## 68877. BERRY v. THE STATE.

DEEN, Presiding Judge.

The appellant, David Berry, was convicted of rape, for which he was sentenced to 20 years imprisonment. On appeal, the sole enumeration of error concerns the trial court's failure to instruct the jury on simple battery as a lesser included offense.

The victim testified that while delivering newspapers in the Midtown area of Atlanta in the early morning hours of June 24, 1982, she had agreed to give the appellant, whose car appeared to be broken

down, a ride home to nearby DeKalb County. During the drive, the appellant asked increasingly personal questions and ultimately inquired about having sexual intercourse. Eventually, the appellant directed the victim to stop her car, and, after refusing to leave the car, he made physical advances and threatened to cut off the victim's hands if she resisted. The appellant then commanded the victim to drive to a more secluded area, where he forced her onto the passenger seat and raped her. Following the rape, the victim drove the appellant back to the Midtown lot where he had parked his car; the appellant had quickly driven off, but the victim was able to observe his license number.

The appellant testified, however, that the victim had offered and given him a ride home, during which she was forward and suggestive. He had offered to assist the victim with her educational expenses, and they then engaged in consensual sexual intercourse. The victim had then driven him back to his car in Midtown. *Held*:

Although counsel for the appellant verbally requested a jury instruction on simple battery as a lesser included offense of rape, no written request for such was made. Prior to *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354) (1976), one could enumerate as error the trial court's failure to charge on a lesser included offense even though no request to charge had been made. See *Washington v. State*, 249 Ga. 728 (292 SE2d 836) (1982). Since *Stonaker*, however, it has repeatedly been held that without a written request, a trial court's failure to charge on a lesser included offense is not error. *Foster v. State*, 248 Ga. 409. (283 SE2d 873) (1981); *Daniel v. State*, 248 Ga. 271 (282 SE2d 314) (1981); *Burke v. State*, 248 Ga. 124 (281 SE2d 607) (1981). Accordingly, assuming arguendo that the evidence in this case authorized a charge on simple battery as a lesser included offense of the rape, because there was no written request for such a charge, the omission was not error.

*Judgment affirmed. Sognier, J., concurs. McMurray, C. J., concurs in the judgment only.*

DECIDED SEPTEMBER 4, 1984.

David Berry, *pro se.*
Robert E. Wilson, *District Attorney*, Robert E. Statham, *Assistant District Attorney*, for appellee.