69220. QUAILE v. THE STATE.
(323 SE2d 281)

DEEN, Presiding Judge.

On May 23, 1983, an automobile driven by the appellant, Christopher Quaile, collided with an automobile driven by Mrs. Fannie Mae Kendrick. The latter was taken to the Upson County Hospital, where she soon died due to a broken neck, internal injuries, and a fractured cranium. The appellant subsequently was tried and convicted of homicide by vehicle in the first degree and operating a motor vehicle without insurance.

The appellant admitted that during the three-hour period before the collision he had drunk three beers (and that beer cans were in his car at the time of the collision), but he denied being drunk or speeding. A blood sample, however, obtained at the hospital shortly after the collision proved to have an alcohol content of .12 grams, and there was testimony that the appellant was speeding down the road. The appellant maintained that as he proceeded down the Yatesville Road, Fannie Mae Kendrick had pulled out from a side road and he simply was unable to avoid the collision.

Police officers called to the scene found Mrs. Kendrick slumped against the steering wheel of her car, still alive but gasping for breath, and the appellant lying on the shoulder of the road. One officer requested the appellant's driver's license and proof of insurance, and the appellant directed him to his wallet in his vehicle. When the officer retrieved the license and insurance card, he discovered the appellant's insurance had expired earlier in the month; he also observed several beer cans in the appellant's car. *Held*:

1. To convict the appellant of homicide by vehicle in the first degree, the State had the burden of showing beyond a reasonable doubt that the appellant, as a consequence of his driving recklessly or

under the influence of alcohol, caused the death of another person. OCGA §§ 40-6-390 (a), 40-6-391 (a), 40-6-393 (a); see *Williams v. State*, 165 Ga. App. 831 (302 SE2d 736) (1983). The appellant primarily contends that there was no evidence establishing the requisite causal connection between the automobile collision and the death of Mrs. Kendrick.

The certified death certificate admitted into evidence reveals that Mrs. Kendrick died because of a broken neck, internal injuries, and a fractured cranium. The certificate also indicates that the mortal injuries were sustained in an automobile collision on Yatesville Road. While the death certificate was admissible to prove the death itself and the immediate causes of death, the latter information connecting the injuries to the collision was inadmissible hearsay and without any probative value. *King v. State*, 151 Ga. App. 762 (261 SE2d 485) (1979). Nevertheless, it was undisputed that the appellant's vehicle collided with that of Mrs. Kendrick as the latter pulled out onto Yatesville Road, that the police officers found Mrs. Kendrick unconscious, drooped over her steering wheel and gasping for breath, and that she died soon after her arrival at the hospital. Under these circumstances, the jury certainly was authorized to infer that Mrs. Kendrick had not been driving while unconscious with a broken neck, fractured cranium, and various internal injuries, but that instead those fatal injuries resulted from the collision.

Although the appellant denied being intoxicated at the time of the collision, he admitted to having drunk three beers during the preceding three hours. Moreover, the appellant had a blood alcohol content of .12 grams, which raised the rebuttable presumption that he was under the influence of alcohol. OCGA § 40-6-392 (b) (3). Accordingly, we conclude that the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the appellant was guilty of homicide by vehicle in the first degree. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. As discussed above, the portion of the death certificate of Mrs. Kendrick that indicated that she sustained her fatal injuries in the collision was inadmissible. However, we do not find its admission to be grounds for reversal, given the established facts in this case, because the causal connection inference was so strong as to render the tainted portion of the death certificate cumulative. See *King v. State*, supra.

3. The appellant also contends that the trial court erred in admitting into evidence several beer cans removed the day after the collision from the appellant's car, which had been left in a salvage yard overnight. Assuming, however, that the beer cans were inadmissible because of the possibility of someone else having placed the cans in the wrecked vehicle overnight, the admission of the cans would not be

reversible error, because not only did one police officer testify as to his observation of beer cans in the appellant's car at the scene of the collision but also the appellant acknowledged having beer cans in his car at the time (although not necessarily the ones admitted into evidence). The admission of the beer cans thus was merely cumulative of other, admissible evidence. *Williams v. State*, 162 Ga. App. 363 (291 SE2d 89) (1982).

4. The appellant also contends that the trial court erred in charging the jury that it "would be authorized to find" the appellant guilty of driving under the influence of alcohol, if it found him not guilty of homicide by vehicle. Review of the entire jury charge, however, shows that the trial court subsequently revised this instruction to inform the jury that it "would be authorized to consider whether or not" the appellant was guilty of driving under the influence of alcohol. Moreover, the trial court also thoroughly charged the jury on the presumption arising from the blood alcohol content, that such a presumption is rebuttable, and that the State had the burden of proving each essential element beyond a reasonable doubt. Considering the jury charge as a whole, the objectionable language of the initial instruction on the alternative offense of driving under the influence of alcohol certainly was not burden shifting or expressive of the trial court's opinion. See *Moses v. State*, 245 Ga. 180 (263 SE2d 916) (1980); *Wehunt v. State*, 168 Ga. App. 353 (309 SE2d 143) (1983).

5. OCGA § 33-34-12 (a) provides that "[a]n owner . . . who knowingly operates . . . a motor vehicle without effective insurance on such vehicle or without an approved plan of self-insurance as required by this chapter shall be guilty of a misdemeanor." We reject the appellant's contention that there was insufficient evidence, specifically of the element of knowledge, to support his conviction for violating this statute. The appellant denied knowing that his insurance policy had lapsed until after the collision, but it was undisputed that the policy had expired at least several days before the collision. A conviction for a violation of this Code section will not be precluded merely by a defendant's asserted lack of knowledge that his insurance policy had expired. Knowledge may be inferred from other facts and circumstances, cf., *Washington v. State*, 96 Ga. App. 844 (101 SE2d 885) (1958); resolution of the issue of knowledge (as well as credibility) in this case was particularly appropriate for the jury, and there was sufficient evidence to support its conclusion.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 17, 1984.

*Lynn W. Wilson*, for appellant.
*E. Byron Smith, District Attorney, Hugh D. Sosebee, Jr., Assis-*

*tant District Attorney*, for appellee.