## 76412. BRYANT v. BMC OF GEORGIA, INC.
(372 SE2d 280)

CARLEY, Judge.

Appellant-plaintiff filed this negligence action against appellee-defendant to recover damages for injuries he received while a patient at a hospital operated by appellee. In preparation for trial, the trial court ordered counsel for appellant to prepare and submit the plaintiff's portion of the pre-trial order to opposing counsel by September 7, 1987, and to appear at the pre-trial conference on September 10, 1987. When appellant failed to comply with each of the requirements of the trial court's order, the trial court dismissed the action. Appellant appeals from the trial court's order of dismissal filed on September 15, 1987.

1. In the sole enumeration of error, appellant urges that the trial court abused its discretion in denying his trial counsel's request for a leave of absence.

Uniform Superior Court Rule 16 provides in pertinent part: "Applications for leaves of absence must be in writing and shall be served upon opposing counsel at least 5 days (if such service is made personally) prior to submission to an appropriate judge of the court in which an action pends; such service shall be accomplished at least 10 days prior to submission to such judge if service upon opposing counsel is other than personal. This period of time may be waived if opposing counsel consents in writing to the application. This procedure permits opposing counsel to object or to consent to the grant of the application, but the application is addressed to the discretion of the court."

Our examination of the record reveals that although appellant's counsel claims to have attempted to serve opposing counsel with a request for leave of absence on September 8, 1987, opposing counsel did not receive the request until September 14, 1987. Said request was received by opposing counsel in an envelope postmarked September 11, 1987, the day after the pre-trial conference was to have taken place. No request for leave of absence was actually filed with the trial court until September 17, 1987, two days after the order of dismissal

had been entered and seven days after counsel had failed to appear at the pre-trial conference. Due to appellant's trial counsel's complete failure to comply with the requirements of Rule 16 of the Uniform Superior Court Rules, we conclude that there was absolutely no abuse of discretion in connection with the trial court's denial of counsel's application for leave of absence. Accordingly, appellant's sole enumeration of error is without merit.

2. Our determination that there is no merit in appellant's sole enumeration of error would ordinarily dispose of the appeal. However, the dissent urges that the trial court must be reversed under Rule 7.1 of the Uniform Superior Court Rules.

Appellant's enumeration of error asserts only the abuse of discretion in connection with the denial of the leave of absence. In fact, the actual enumeration of error is, as stated, by appellant, as follows: "The Trial Court erred in entering its order of September 11, 1987 dismissing appellant's case where it failed to exercise discretion in its application of Uniform Superior Court Rule 16 where appellant's attorney, as solo practitioner, attempted to apprise the court of her automobile accident and injuries both prior to the court date and after the court date." Nowhere in that enumeration nor, in fact, in the brief, has counsel for appellant made any reference whatsoever to Rule 7.1 of the Uniform Superior Court Rules nor has she contended that the trial court acted in a manner prohibited by said rule in dismissing the case.

"This court has no jurisdiction to consider grounds which . . . are not enumerated as error according to OCGA § 5-6-40. [Cits.]" *Sunn v. Trophy Marine*, 176 Ga. App. 68, 69 (2) (334 SE2d 884) (1985). In *Hurston v. Ga. Farm Bureau &c. Ins. Co.*, 148 Ga. App. 324, 326 (2) (250 SE2d 886) (1978), the author of the dissent in this case stated as follows: "Appellant attempts to enlarge upon her first enumeration of error. . . . '*An enumeration of error cannot be enlarged to include other issues not made therein.*' [Cit.]" (Emphasis supplied.)

"We do not know of any law or rule of practice and procedure that authorizes the Court of Appeals . . . to examine the entire record and grant a new trial upon a ground of their own making and not upon a ground specified by the appellant. The duty of the appellate court is to correct errors alleged to have been made in the trial court and not to manufacture them." *Hess Oil & Chem. Corp. v. Nash*, 226 Ga. 706, 709 (177 SE2d 70) (1970). Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed. Birdsong, C. J., McMurray, P. J., and Sognier, J., concur. Beasley, J., concurs specially. Deen, P. J., Banke, P. J., Pope and Benham, JJ., dissent.*

BEASLEY, Judge, concurring specially.

The appeal is from the order dismissing the complaint for two reasons, failure to file a proposed pretrial order and failure to appear at a scheduled pretrial conference. Both of these requirements are governed by USCR 7.1 and 7.2 and may be imposed by the court pursuant to authority granted therein, by virtue of Ga. Const. 1983, Art. VI, Sec. IX, Par. I. The rule allows broad discretion in fashioning sanctions for violations, expressly precluding only dismissals "with prejudice."

The trial court here simply dismissed the complaint. This makes it one without prejudice, because it was done for failure of plaintiff to prosecute. OCGA § 9-11-41 (b) (1). A plaintiff's failure to follow the administrative rules and move his case along as ordered by the court pursuant to those rules would constitute failure to prosecute, just as would the failure to appear at the call of the case for trial. Dismissal for the latter reason can only be without prejudice. *Leach v. Aetna Cas. &c. Co.*, 172 Ga. App. 785 (324 SE2d 494) (1948), aff'd 254 Ga. 265 (330 SE2d 596) (1985).

Thus, even if appellant had cited Rule 7 he would not be *entitled* to reversal, because we would first have to conclude that the trial court abused its discretion in ordering this sanction. Considering the reasons appellant has offered to prove legal error, and the fact that his counsel's motion for leave of absence was not filed until a week after the scheduled conference (although she says dehors the record that she delivered it to the judge the day after the scheduled hearing and before he entered the dismissal order), it is difficult to characterize the court's dismissal as abusive. For one thing, at the time the question of dismissal was before the court, no motion for leave of absence was pending.

What has led this case astray is that the appeal is from the order of dismissal, while the complaint on appeal is that the court failed to exercise its discretion under USCR 16 to grant the requested leave of absence. The court never ruled on that motion, as it was filed after the dismissal. Although appellant impliedly sought a ruling within his motion to set aside the order of dismissal, as a favorable nunc pro tunc ruling on the leave of absence request would form a basis for setting aside the dismissal, the court lost jurisdiction of both. This occurred because on the same day as the motion to set aside was filed, a notice of appeal was also filed. Thus there is nothing to review insofar as an application of USCR 16 is concerned.

DEEN, Presiding Judge, dissenting.

While agreeing with the majority opinion's conclusion that the trial court did not abuse its discretion in denying the application for leave of absence filed by the appellant's counsel, I cannot concur with

the affirmance of the trial court's dismissal of the appellant's action.

As discussed by the majority opinion, counsel's failure to comply with Rule 16 of the Uniform Superior Court Rules justified denial of the requested leave of absence. However, it is equally clear that under Rule 7.1 of those uniform rules, dismissal of Bryant's action was inappropriate. That rule provides that "[f]ailure of counsel to appear at the pre-trial conference without legal excuse or to present a proposed pre-trial order shall authorize the court to remove the action from any trial calendar, enter such pre-trial order as the court shall deem appropriate, or impose any other appropriate sanction, except dismissal of the action with prejudice."

The majority opinion does not address the applicability of Rule 7.1, ostensibly because the appellant did not specifically identify the violation of that rule as error. In his notice of appeal, however, Bryant specifies that he is appealing from the order dismissing his case, and the gist of his argument simply is that the dismissal was error because (1) the trial court erred in denying the leave of absence requested by Bryant's counsel; and (2) had the trial court properly granted the leave of absence, there would have been no pre-trial conference, thus eliminating the basis for the dismissal. This sufficiently raised the issue of the propriety of dismissal for counsel's failure to attend the pre-trial conference or to present the plaintiff's portion of the pre-trial order. This much is common sense, and "the application of more of common sense and less of technicality is in accord with later-day notions of the courts." *Crawford v. State*, 4 Ga. App. 508, 509 (61 SE 886) (1908). In holding otherwise, the majority opinion demands strict observance of the uniform rules from litigants, but not from the judiciary.

The majority opinion quotes from *Hurston v. Ga. Farm Bureau &c. Ins. Co.*, 148 Ga. App. 324, 326 (250 SE2d 886) (1978), wherein it was held that an appellant may not enlarge an enumeration of error to include other issues. However, *Hurston* is inapposite here. As discussed above, the issue raised by the appellant's enumeration of error was the propriety of the trial court's dismissal of his action because of counsel's failure with regard to the pre-trial conference and order. Consideration of Rule 7.1 neither enlarges the issue raised by Bryant nor manufactures another one. Just as nothing precludes this court from applying case law not cited by an appellant in addressing an enumeration of error, nothing should foreclose application of that uniform rule in addressing the issue raised by Bryant in this case.

I must respectfully dissent.

I am authorized to state that Presiding Judge Banke, Judge Pope, and Judge Benham join in this dissent.

DECIDED JULY 12, 1988 —
REHEARING DISMISSED JULY 28, 1988.

*Lucinda Stevens*, for appellant.
*James E. Graham*, for appellee.