## S96A0928. RICKETTS v. THE STATE.
### (475 SE2d 586)

SEARS, Justice.

The appellant, Greg Ricketts, was convicted of the malice murder of Amy McCrackin and sentenced to life in prison.[1] He appeals, raising, among other issues, that the trial court erred in failing to excuse a juror for cause. We conclude, however, that the trial court did not err in refusing to exclude the juror, and that the other issues raised by Ricketts have no merit. Accordingly, we affirm his conviction.

At the time of the crime, Ricketts and McCrackin lived together in a trailer with McCrackin's two children. On the evening of April 22, 1995, Lisa Buchannon visited Ricketts and McCrackin at their trailer. Ricketts made a crude remark to Buchannon, which angered McCrackin. Because Ricketts and McCrackin continued to argue heatedly, Buchannon left the trailer. About 4:00 a.m., the Rabun County Sheriff's Office received a call requesting that they go to the McCrackin residence. When the responding officer arrived, Ricketts was there and identified himself as Greg Richards. He told the officer that he had left the trailer about 12:15 a.m. with a friend, and returned home around 4:00 a.m. to find Amy lying on the kitchen floor, not breathing. An investigator interviewed Ricketts at about 6:00 a.m. at the Sheriff's office. Ricketts again gave his name as Greg Richards, and related the same story that he had given at the crime scene. The officer, however, learned that Ricketts had given a fictitious name and thought that Ricketts was intoxicated. About 2:15 p.m. that same day, the investigator and a GBI agent interviewed Ricketts. Ricketts initially told officers the story he had previously told, but eventually admitted killing McCrackin. He stated that he

---

[1] The crime occurred on April 22, 1995. Ricketts was indicted on August 21, 1995. Ricketts was found guilty on October 17, 1995, and was sentenced on October 19. The court reporter certified the trial transcript on November 1, 1995, and Ricketts filed a motion for new trial on November 10 and an amended motion for new trial on December 13. The trial court denied the motion for new trial on December 27, 1995, and Ricketts filed his notice of appeal on January 23, 1996. The appeal was docketed in this Court on March 5, and was orally argued on May 14, 1996.

and McCrackin kept arguing after Buchannon left and that McCrackin slapped him hard on the side of the face. He added that this reminded him of being slapped by his mother when he was young and that it "set him off." He remembered that he shoved McCrackin against a cabinet, that she came at him, and that he choked her. Ricketts related essentially the same story at trial, but he added that he had been drinking that night and had taken some pain pills that had him "feeling pretty good."

The medical examiner testified that McCrackin died from strangulation, with a loss of blood being a significant factor. In addition to testifying to injuries consistent with strangulation, the medical examiner testified that McCrackin had suffered a large laceration in the abdomen and had a significant amount of blood in the abdomen that was consistent with something striking the body.

1. We conclude that the evidence is sufficient to support Ricketts's conviction of malice murder.[2]

2. In Ricketts's first enumeration of error, he contends that the trial court erred in failing to excuse a juror for cause. Having examined the issue closely, we cannot conclude that the trial court abused its discretion in refusing to strike the juror.[3] We have examined Ricketts's remaining enumerations of error and find them to be without merit.[4]

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 1996.

*Jacqueline J. Herring, Kenneth D. Kondritzer,* for appellant.

*Michael H. Crawford, District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.

---

[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Diaz v. State,* 262 Ga. 750, 752 (2) (425 SE2d 869) (1993); *Wilcox v. State,* 250 Ga. 745, 756-757 (5) (301 SE2d 251) (1983); *Foster v. State,* 248 Ga. 409, 410 (283 SE2d 873) (1981).

[4] In those enumerations, Ricketts contends that the trial court erred in refusing to give his requested charge on intoxication; that the trial court erred by failing to give a complete definition of malice; that the trial court erred by admitting into evidence a photograph of the victim; and that he was denied due process by the cumulative effect of all the errors that he alleges occurred during his trial.