## 34517. BRADHAM v. THE STATE.

PER CURIAM.

We granted certiorari to review Divisions 2, 3, 4, 5 and 6 of the Court of Appeals opinion issued in *Bradham v. State,* 148 Ga. App. 89 (250 SE2d 801) (1978). We affirm Divisions 4 and 6. For the reasons set forth, ante, we also affirm Divisions 2 and 5 but reverse as to Division 3.

1. Division 2 treats a challenge to a charge on justification on grounds that it was confusing. The Court of Appeals resolved this issue against appellant's contention by finding that the charge as a whole was clear and not likely to confuse the jury. We agree; however, we also conclude the remaining language in this Division is obiter dicta. See *White v. State,* 243 Ga. 250 (253 SE2d 694) (1979), reversing *Sims v. State,* 234 Ga. 177 (214 SE2d 902) (1975). *Gaither v. State,* 234 Ga. 465 (216 SE2d 324) (1975).

2. Division 5 applied the discretionary rule in holding the trial court did not err in permitting the prosecution, over objection, to waive its right to open closing argument to the jury, and then, subsequent to

defendant's closing argument, fully present its final argument. Appellant complains this sequence prevented her from any rebuttal of the state's case, while the state was not so limited. After the close of the evidence, the trial court, in its discretion, may permit the party having the opening and concluding argument to waive the opening statement and make a full presentation regarding the legal and factual facets of his case to the jury following the final argument of the adverse party. Code Ann. § 27-2201. See *Berryhill v. State,* 235 Ga. 549, 550 (3) (221 SE2d 185) (1975).

3. Division 3 assumes arguendo that the trial court erred in refusing to excuse a juror challenged for bias because he stated he had three sons who were law enforcement officers in another county and he would be inclined to give more credence to a police officer's testimony than a nonpolice witness. The appellant struck the juror peremptorily. The Court of Appeals held the juror had not served and it was "not shown that such possible error" was harmful; that the record reflects appellant was tried by twelve impartial jurors. Appellant complains he was erroneously forced to use one of his peremptory strikes; that he used all of his peremptory strikes before the jury was selected; and that he was compelled to accept the last two jurors without the benefit of peremptory strikes. We reverse. As early as 1879 this court held that being required to exhaust four strikes on disqualified jurors was erroneous and harmful. It was said, "A big part of the battle is the selection of the jury, and an impartial jury is the cornerstone of the fairness of trial by jury." *Melson v. Dickson,* 63 Ga. 682, 686 (1879). As late as 1978 this court stated, "Thus, if a challenge is made and improperly overruled by the court, but the juror so challenged for cause does not serve because subsequently struck by the complaining party, such ruling by the court is not error *unless it appears that the party had to exhaust his peremptory challenges in order to strike that juror."* (Emphasis supplied.) *Foster v. State,* 240 Ga. 858, 859 (242 SE2d 600) (1978). In our opinion it is well established in Georgia that peremptory strikes are invaluable. When a defendant in a felony trial has to exhaust his peremptory strikes to excuse a juror who

should have been excused for cause the error is harmful. *Kemp v. State,* 226 Ga. 506, 507 (2) (175 SE2d 869) (1970) and *Patterson v. State,* 239 Ga. 409, 411 (1) (238 SE2d 2) (1977) will not be followed.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Undercofler, P. J., Jordan and Hall, JJ., who dissent as to Division 3.*

SUBMITTED MARCH 2, 1979 — DECIDED APRIL 24, 1979 — REHEARING DENIED MAY 29, 1979.

*Larsen & Lewis, William Washington Larsen, Jr., H. G. Bozeman, Robert H. Cofer, II,* for appellant.
*B. B. Hayes, District Attorney,* for appellee.

UNDERCOFLER, Presiding Justice, dissenting as to Division 3.

In *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869) (1976), it was stated, "A review of past decisions demonstrates a lack of explicit standards for weighing nonconstitutional errors in criminal cases. If the error is relevant to the issues in dispute, not cumulative of other evidence, not beneficial to the defendant and uncorrected by the trial court, then there is perhaps no reason for saying it is harmless, but it may nevertheless be harmless in the context of the entire case. This is the point where a standard for weighing the error is important.

"The standard we adopt is what is known as the 'highly probable test,' i.e., that it is 'highly probable that the error did not contribute to the judgment.' Traynor, What Makes Error Harmless, The Riddle of Harmless Error (1970). 'The *highly probable* test avoids the evils of inadequate or excessive stringency by making affirmance conditional on high probability that error did not affect the judgment. The test compels a judge to go beyond a first glance for affirmance or a fleeting glimpse for reversal. It compels him to exercise his mind in the exercise of his discretion, to go beyond the appearances of the result to an examination of what causal links there may be between error and the judgment. It keeps judicial discretion within the ample bounds of reason. It can greatly improve the net

worth of the judicial process as it thus holds down excesses either of affirmance that recklessly dampens assurance of a fair day in court or of reversal that needlessly calls for still another fair day at the expense of litigants who are still awaiting their first day in court.' Id. at pp. 50-51."

In my opinion that rule should apply here. At the time appellant complains of having to strike peremptorily a juror who should have been excused for cause, ten jurors had been accepted. The state had exhausted its peremptory strikes. Appellant had two peremptory strikes left. Appellant used his last two strikes to excuse the next two jurors. The next two jurors then completed the jury of twelve which tried the appellant. Appellant does not contend these last two jurors were disqualified for any reason. Indeed the voir dire shows they were fully qualified.

Appellant had been indicted for the malice murder of her ex-husband. The killing arose out of an argument which ensued when the ex-husband arrived at appellant's residence to pick up the parties' two minor children for a visit. Appellant admits she shot her ex-husband three times with a pistol to scare him because he said he was going to kill her and the children. She testified he grabbed at her face. The ex-husband was found lying on the walkway adjacent to the steps leading to the doorway of the kitchen. Appellant stated her ex-husband appeared to be in a rage when he arrived to pick up the children. She was convicted of voluntary manslaughter and sentenced to twelve years, with eight years to be served on probation.

Appellant was represented by an experienced attorney who defended the case in an extremely competent manner. The case was tried fairly.

In my opinion the homicide is a classic case of voluntary manslaughter. An impartial jury so decided. I am compelled to conclude that it is highly probable that the failure to excuse one juror for cause did not contribute to the verdict. I would apply the harmless error rule and affirm the judgment.

The majority has applied a per se rule of harmful error if a juror is not properly excused for cause where the defendant has excused that juror peremptorily and has

exhausted his peremptory strikes. In my opinion that is contrary to established precedent. As was stated in *Kemp v. State,* 226 Ga. 506, 507 (2) (175 SE2d 869) (1970), "Even if the court erred in disallowing defendant's challenge for cause of two traverse jury veniremen, such error would not be reversible, since the record shows that these two were stricken by defendant's peremptory challenges and that the only two jurors impaneled after defendant had exhausted his peremptory challenges were the twelfth juror and an alternate juror, about the inclusion of which there is no complaint. Cf. *Bland v. State,* 210 Ga. 100, 101 (78 SE2d 51) [1953] and cit. 'The burden is on him who asserts error to show it affirmatively by the record.' *Roach v. State,* 221 Ga. 783 (4) (147 SE2d 299) [1966]." Similarly it was stated in *Patterson v. State,* 239 Ga. 409, 411 (1) (238 SE2d 2) (1977). "These two allegedly biased jurors did not sit on the jury which convicted appellant, nor has he shown that he was prejudiced or harmed because he used peremptory strikes to eliminate the two challenged jurors."[1] I respectfully dissent.

---

[1]The original record shows appellant exhausted all of his peremptory strikes.