60297, 60298. LOGUE v. THE STATE (two cases).

BANKE, Judge.

The appellants were tried jointly and convicted of voluntary manslaughter. They enumerate as error the trial court's ruling concerning the qualifications of a juror, the court's failure to give certain charges, and, on the general grounds, the denial of their

motion for a new trial. This is the second appearance of these cases before this court, the convictions having previously been reversed due to an erroneous charge to the jury on the law of confessions.

Mrs. Lillie Mae Walker, a prospective juror, revealed on voir dire that her stepdaughter was the wife of a cousin of the deceased victim and that her husband was a member of the grand jury which indicted the appellants. Because of this interest, Mrs. Walker stated that *she would be inclined toward the prosecution.* Although efforts were made to rehabilitate her as to her ability to hear the case fairly and impartially, her understandable inclination toward the prosecution remained or was at least in doubt. Appellant's challenge for cause was denied, and the juror was excused peremptorily. Appellants exhausted their peremptory challenges before the last two jurors were placed on the jury. *Held:*

1. "A big part of the battle is the selection of the jury, and an impartial jury is the cornerstone of the fairness of trial by jury." *Melson v. Dickson,* 63 Ga. 682, 686 (1879). "Jurors should come to the consideration of a case . . . free from even a suspicion of prejudgment . . . [of] the issue to be tried. . . as to the parties, the subject matter, or the credibility of the witnesses." *Edwards v. Griner,* 42 Ga. App. 282 (1) (155 SE 789) (1930); *Jones v. Cloud,* 119 Ga. App. 697 (5) (168 SE2d 598) (1969). The challenge for cause should have been granted. "When a defendant in a felony trial has to exhaust his peremptory strikes to excuse a juror who should have been excused for cause the error is harmful." *Bradham v. State,* 243 Ga. 638, 639 (256 SE2d 331) (1979). Upon the facts before us, reversal is required.

2. Appellants enumerate as error the failure of the trial court to give various requests to charge. We have compared the requests with the charge actually given and find the charge as given satisfactory based upon the issues presented by the evidence. "It is no longer necessary to give the exact language of a request to charge when the same principles are fairly given to the jury in the . . . charge of the court. [Cits.]" *Burnett v. State,* 240 Ga. 681, 687 (242 SE2d 79) (1978); *May v. State,* 146 Ga. App. 416 (246 SE2d 432) (1978).

3. Although appellants claim that the evidence was insufficient to support the verdict, this enumeration of error is not supported in the briefs by argument or citation of authority. In any event, we have reviewed the evidence available to the trier of fact and find that a rational trier of fact could reasonably have found from that evidence guilt beyond a reasonable doubt. *Stinson v. State,* 244 Ga. 219 (259 SE2d 471) (1979).

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

ARGUED JULY 2, 1980 — DECIDED JULY 16, 1980 —

*William Washington Larsen, Jr.,* for appellants.
*B. B. Hayes, District Attorney, H. Jeff Lanier, Assistant District Attorney,* for appellee.