## A06A0968. WARREN v. THE STATE.
(636 SE2d 671)

PHIPPS, Judge.

Emmitt Warren appeals from his conviction for burglary on the grounds that the evidence was insufficient and that the trial court erred when it refused to direct the state to make a substantive initial closing argument and allowed a state's witness to remain in the courtroom. Warren also contends that his case should be remanded in order to develop the record further on the subject of ineffective assistance of counsel. We affirm his conviction, but remand the case for further proceedings on his ineffective assistance claim.

Viewed in the light most favorable to the verdict, the evidence shows that after two police cars converged on a meat store in Albany in response to an alarm there, one of the officers saw Warren run out of the store with a white box in his hand. When he saw the officers, Warren threw the box at one of the police cars and fled. Both officers pursued and apprehended Warren on foot. Arriving after Warren had been taken into custody, the manager observed a hand truck and boxes of meat discarded outside the store. All these items had been inside the store when he left the night before. At trial, the owner testified that Warren did not have permission to enter the store.

At the conclusion of the charge conference, and outside the presence of the jury, defense counsel asked the trial court to require the state to present a "full initial closing" on the ground that OCGA § 17-8-71 required it to do so. The trial court responded that it was "not going to tell them how to do their closing argument. That's up to them." Defense counsel then added that the state should be required to make a "full initial closing" so as to "prevent[ ] the defense from being ambushed in its closing argument." The trial court denied this request. After a recess, the state presented its initial closing argument as follows:

> Good afternoon. As cases go[,] this has been a relatively short case. There have been I think four witnesses to come before you[:] two owners and two police officers.
>
> I want to first thank you for your time and patience and for paying attention to what has gone on here in the courtroom.
>
> I would ask that [you] listen to the argument of [defense counsel,] and at the conclusion of his argument I will have an opportunity to address you again.

After a jury found Warren guilty of burglary, he was convicted and sentenced to four years in confinement and six on probation. His motion for new trial was denied.

1. Our review of the record indicates that the evidence outlined above was sufficient to sustain Warren's conviction for burglary.[1]

2. Citing a number of federal decisions,[2] Warren argues that the state should not be allowed to make a nonsubstantive initial closing argument and to save its presentation for concluding argument instead, and that he was harmed when the state used its concluding argument to suggest for the first time that he was guilty as a party to the crime. We are constrained to disagree.

As amended effective July 1, 2005, OCGA § 17-8-71 provides:

> After the evidence is closed on both sides, the prosecuting attorney shall open and conclude the argument to the jury. The defendant shall be entitled to make a closing argument prior to the concluding argument of the prosecuting attorney.

The 2005 statute's new second sentence abrogates the venerable rule, dating from 1852, that a defendant who presented no evidence thereby gained the right to open and conclude closing argument.[3] The mandate that the prosecutor "shall open and conclude the argument to the jury" was left unchanged by the 2005 amendment.

For its part, Federal Rule of Criminal Procedure 29.1 provides that "[c]losing arguments proceed in the following order: (1) the government argues; (2) the defense argues; and (3) the government rebuts."

As a preliminary matter, we note that Warren's claim of ambush rings a little hollow when, as here, the trial court told the parties at the charge conference that it would give the pattern charge on guilt as a party to the crime and Warren did not object. It is true, however, that some federal courts have disapproved the strategy pursued by the state in this case. As the Advisory Committee Notes to Federal Rule 29.1 state:

---

[1] OCGA § 16-7-1; *Ward v. State*, 238 Ga. App. 540, 541-542 (1) (519 SE2d 304) (1999) (evidence including testimony of employee who saw defendant leave warehouse with a box was sufficient to sustain burglary conviction).

[2] See *United States v. Wood*, 1999 U. S. App. LEXIS 5805 at *23-24 (4th Cir. March 30, 1999); *United States v. Garcia*, 94 F3d 57, 63 (2d Cir. 1996); *United States v. Byrd*, 834 F2d 145, 147 (8th Cir. 1987); *United States v. Sarmiento*, 744 F2d 755, 765, n. 15 (11th Cir. 1984).

[3] See *Manders v. State*, 280 Ga. App. 742 (634 SE2d 773) (2006); Ga. L. 1851-1852, p. 242; see also *Park v. State*, 224 Ga. 467, 480 (4) (162 SE2d 359) (1968) (granting new trial where defendant not introducing evidence, but merely exhibiting it during his statement, was denied the opportunity to open and close argument).

> [T]he rule is drafted in the view that fair and effective administration of justice is best served if the defendant knows the arguments actually made by the prosecution in behalf of conviction before the defendant is faced with the decision whether to reply and what to reply.[4]

As construed by the federal courts, Rule 29.1 "does not establish a constitutional doctrine, but rather, provides a uniform rule of federal practice," giving the defendant "the chance to respond to the government's case and argument in an informed manner," and barring the government from raising "new matters" in its rebuttal.[5]

The state's strategy of making a nonsubstantive initial closing argument presents a number of problems. First and foremost of these is the language of the statute itself, which mandates that "the prosecuting attorney *shall* open and conclude the argument to the jury," not that the prosecutor may choose either or both as she prefers. We also note that the state's initial closing in this case did not set out a legal argument — that is, "at a minimum, a discussion of the appropriate law as applied to the relevant facts."[6] Finally, we agree that when the party with the burden of proof — the state — is not required to articulate its theory of the case at the close of the evidence, the defendant is put at an unfair disadvantage because he is forced to respond to an argument that has not yet been made by the party with the burden of proof.

In *Bradham v. State*,[7] however, decided more than 25 years ago, the Supreme Court of Georgia held that a trial court does not abuse its discretion when it allows the state not only to waive its initial closing argument, but also to "make a *full presentation* regarding the legal and factual facets of [its] case to the jury following the final argument of the adverse party."[8] *Bradham* rationalized this holding by citing case law on the entirely different question of whether a defendant may reserve his opening *statement* until the close of the state's evidence.[9] The *Bradham* decision nonetheless authorizes the state not only to waive its initial closing, but also to reserve its "full presentation" for the conclusion, even though the state has the

---

[4] *Wood*, supra, 1999 U. S. App. LEXIS at 5805 *23 (punctuation omitted); see also *Garcia*, supra, 94 F3d at 63; *Byrd*, supra, 834 F2d at 147; *Sarmiento*, supra, 744 F2d at 765.

[5] *Garcia*, supra, 94 F3d at 63, quoting *Byrd*, supra.

[6] *Dixon v. MARTA*, 242 Ga. App. 262, 266 (4) (529 SE2d 398) (2000).

[7] 243 Ga. 638 (256 SE2d 331) (1979).

[8] Id. at 639 (2) (citations omitted; emphasis supplied).

[9] See id., citing *Berryhill v. State*, 235 Ga. 549, 550 (3) (221 SE2d 185) (1975) (a trial court may bar defendant from deferring his opening statement until after the close of state's evidence and before his own case-in-chief).

burden of proof and the defendant will be required to respond to an argument he has not heard. Given this binding precedent, we must hold that the trial court did not abuse its discretion when it allowed the state to make a nonsubstantive initial closing argument and to reserve its full presentation for its conclusion.[10]

3. Warren next contends that the trial court should have granted his request to sequester one of the police officers involved in his arrest.[11] The trial court rejected this request on the ground that the state's request that the officer stay in court to assist was reasonable, given that Warren's trial counsel had the assistance of two other attorneys and a recent law graduate. We cannot say that the trial court abused its discretion in handling Warren's sequestration request when it allowed the police officer to remain in the courtroom under these circumstances.[12]

4. Finally, Warren argues that a remand is necessary to develop a record on the subject of trial counsel's ineffective assistance in (a) failing to locate a person connected with the burglary identified only by initials in a police report and (b) failing to call a second person Warren identified as involved.

> Generally, when the appeal presents the earliest practicable opportunity to raise an ineffectiveness claim, and the claim is indeed raised for the first time on appeal, we remand the case to the trial court for an evidentiary hearing on the issue. Remand is not mandated, however, if we can determine from the record that [the defendant] cannot satisfy the two-prong test set forth in *Strickland v. Washington*.[13]

"To prove an ineffective assistance of counsel claim, the defendant must show that trial counsel performed deficiently and that the result of the trial would have been different but for the deficiency."[14]

At the hearing on his motion for new trial, Warren was represented by one of the two counsel who had assisted him before and during trial. The claim of ineffective assistance was not raised in the motion or at the hearing. Under these circumstances, new appellate

---

[10] *Bradham*, supra.

[11] See OCGA § 24-9-61.

[12] See *Wilson v. State*, 158 Ga. App. 174, 176 (7) (279 SE2d 345) (1981).

[13] *Stuart v. State*, 274 Ga. App. 120, 121 (616 SE2d 855) (2005) (citation and footnotes omitted).

[14] *Fargason v. State*, 266 Ga. 463, 465 (4) (467 SE2d 551) (1996), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

counsel has raised the claim at the earliest practicable moment, and we therefore remand the case for a hearing on this claim.[15]

*Judgment affirmed and case remanded. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 25, 2006 —
RECONSIDERATION DENIED SEPTEMBER 7, 2006 — 

*Linda Malveaux, Leigh S. Schrope, Agis R. Bray III*, for appellant.

*Kenneth B. Hodges III, District Attorney, Victoria Darrisaw, Assistant District Attorney*, for appellee.

---

[15] *Haggard v. State*, 273 Ga. App. 295, 296 (614 SE2d 903) (2005) (remanding case where appellate counsel raising ineffective assistance claim is not appointed until after denial of motion for new trial).