A06A0982. ENGLISH v. THE STATE.
(639 SE2d 551)

BERNES, Judge.

Following a trial by jury, Richard English appeals his convictions for criminal trespass and attempted tampering with evidence.[1] He contends that the trial court erred in allowing the State to waive its closing argument until after the defense had given its closing argument; in imposing a felony sentence on the attempted tampering count; in failing to instruct the jury on the difference between misdemeanor and felony tampering with evidence; and in failing to allow the jury to resolve whether English's conduct constituted a misdemeanor or felony. For the reasons that follow, we affirm the trial court's ruling on closing argument, but reverse the trial court's imposition of a felony sentence on the attempted tampering with evidence count, and find that the remaining allegations of error are moot.

"On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence." (Citation and punctuation omitted.) *Rosser v. State*, 276 Ga. App. 261, 262 (1) (623

---

[1] English was indicted for the offense of "Peeping Tom" (OCGA § 16-11-61), but was convicted of the lesser offense of criminal trespass (OCGA § 16-7-21). He was sentenced as a first offender to twelve months, to serve six months imprisonment, for the criminal trespass charge, and a consecutive felony sentence of one year, to serve six months imprisonment, for the attempted tampering with evidence charge.

SE2d 142) (2005). So viewed, the evidence adduced at trial shows that on November 8, 2004, the victim noticed damage outside of his 14-year-old daughter's bedroom window, which caused him to suspect that someone had been peeping inside. After consulting with police, the victim tied fishing line and hooks throughout the bushes beneath the window and installed a motion sensor camera on his porch in hopes of detecting and apprehending the perpetrator.

On November 13, 2004 at approximately 12:30 a.m., the victim's daughter reported to her father that she saw flashes of light outside of her window. The victim immediately went outside to investigate and discovered that the camera had been moved from its position on top of the porch railing. Deputies who responded to the victim's call for assistance observed the dislodged camera and footprints going across the fairway leading away from the house.

The victim had the film from the camera developed on the following day. The photos depicted a man standing between the bushes next to the daughter's window; the same man getting tangled in fishing line; and the man then grabbing the camera from its mounted location. The man was unable to successfully take the camera because it had been chained to the post. The man in the photos was later identified by neighbors as Richard English.

Shortly after English was identified, he was questioned at his home by investigators with the sheriff's department. English admitted being present on the victim's property on the night in question, but claimed that he had been chasing his cat and was startled by the camera's flash.

After the jury returned its guilty verdict, the trial court sentenced English for felony attempted tampering with evidence and misdemeanor criminal trespass.

1. Citing to OCGA § 17-8-71, governing the order of closing arguments, English argues that the trial court erred in failing to require the state to present a "full and fair initial closing argument" and instead, permitting the State to waive its argument until after English's counsel had argued. We recently addressed English's contention and decided it adversely to his position. *Warren v. State*, 281 Ga. App. 490, 491 (2) (636 SE2d 671) (2006). This allegation of error is without merit.

2. English also argues that the trial court erred in imposing a felony sentence for the attempted tampering with evidence charge. We agree.

The elements necessary to prove the crime of tampering with evidence are set forth in OCGA § 16-10-94 (a), which provides that

[a] person commits the offense of tampering with evidence when, with the intent to prevent the apprehension or cause

the wrongful apprehension of *any person* or to obstruct the prosecution or defense of *any person,* he knowingly destroys, alters, conceals, or disguises physical evidence or makes, devises, prepares, or plants false evidence.

(Emphasis supplied.) Thus, by its own terms, the statute contemplates that a person may commit the offense by tampering with evidence in his or her own case or that of another person.

In turn, OCGA § 16-10-94 (c), the punishment provisions for tampering with evidence, provide as follows:

Except as otherwise provided in this subsection, any person who violates subsection (a) of this Code section involving the prosecution or defense of a felony *and involving another person* shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one nor more than three years; provided, however, that any person who violates subsection (a) of this Code section involving the prosecution or defense of a serious violent felony as defined in subsection (a) of Code Section 17-10-6.1 *and involving another person* shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one nor more than ten years. Except as otherwise provided in this subsection, any person who violates subsection (a) of this Code section involving the prosecution or defense of a misdemeanor shall be guilty of a misdemeanor.

(Emphasis supplied.)[2]

In order to determine the prescribed punishment for the attempted tampering conviction in this case, we must construe the meaning of the term "involving another person."

The rules of statutory construction require that we follow the words of a statute literally unless the result is an absurdity, contradiction, or such an inconvenience that it is clear that the legislature must have intended something else. We must seek to effectuate the intent of the legislature, OCGA § 1-3-1 (a), and to give each part of the statute meaning and avoid constructions that make some language

---

[2] As originally enacted under Ga. L. 1974, p. 423, § 1, the statute governing the tampering with evidence offense only provided for misdemeanor sentencing. The statute was amended thereafter under Ga. L. 2001, p. 982, § 1 to provide for felony sentencing in accordance with its terms.

mere surplusage. All parts of a statute should be harmonized and given sensible and intelligent effect, because it is not presumed that the legislature intended to enact meaningless language.

(Footnote omitted.) *In the Interest of J. V.*, 282 Ga. App. 319, 321 (638 SE2d 757) (2006). See also *Anderson v. State*, 261 Ga. App. 716, 719 (583 SE2d 549) (2003).

Read in isolation, the term "involving another person" is ambiguous, and could be interpreted either as referring to the victim of the underlying crime or to a third-party perpetrator of the underlying crime. However, the term "involving another person" is also included in the remaining provisions of the statute governing punishment when the tampering offense involves a serious violent felony as defined in OCGA § 17-10-6.1 (a). Each of the serious violent felonies defined in OCGA § 17-10-6.1 (a) involves a victim. Consequently, by its reference to OCGA § 17-10-6.1 (a), the sentencing provision of OCGA § 16-10-94 (c) already accounts for greater punishment where the underlying crime involves a victim. In this context, it is clear that interpreting the provisions of OCGA § 16-10-94 (c) as referring to a victim would render the separate, distinct term "involving another person" mere surplusage. To avoid rendering the term meaningless, we must interpret the language "involving another person" as imposing felony punishment when the person commits the tampering offense involving the prosecution or defense of a third person.

In this case, the trial court imposed a one-year felony sentence for English's conviction of attempted tampering with evidence. Significantly, however, the state has not presented any allegations or evidence indicating that English committed the tampering offense to prevent the apprehension or prosecution of anyone other than himself. Consequently, there is no evidence to support the imposition of a felony sentence under the sentencing provisions of OCGA § 16-10-94 (c) in this case. Rather, the trial court was required to impose misdemeanor punishment, not to exceed a $1,000 fine and/or 12 months imprisonment, for English's attempted tampering with evidence offense. See OCGA §§ 16-1-10; 16-4-6; 16-10-94 (c); 17-10-3.

"A sentence is void if the court imposes punishment that the law does not allow." (Citations and punctuation omitted.) *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). "[A] judgment which is void for any cause is a mere nullity and it may be so held in any court where it becomes material to the interest of the parties to consider it." (Citation and punctuation omitted.) *Curtis v. State*, 275 Ga. 576, 578 (1) (571 SE2d 376) (2002). Since the trial court's felony sentence in this case was not authorized by law, it is void. Thus, we are bound to reverse and to remand this case to the trial court for resentencing as

to the attempted tampering with evidence conviction. See *Price v. State*, 281 Ga. App. 844, 846 (3) (637 SE2d 468) (2006).

3. English also contends that the trial court erred in failing to instruct the jury on the difference between felony and misdemeanor tampering with evidence and in failing to allow the jury to resolve whether his conduct constituted a felony or a misdemeanor. Because we reversed the trial court's imposition of a felony punishment in Division 2, these claims of error are moot.

*Judgment affirmed in part, reversed in part and case remanded for resentencing. Andrews, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 27, 2006.

*Saleem D. Dennis*, for appellant.

*J. David Miller, District Attorney, Laura A. Wood, Assistant District Attorney*, for appellee.