## A06A2326. PERRY v. THE STATE.
(642 SE2d 141)

ANDREWS, Presiding Judge.

Following his conviction by a jury of trafficking in methamphetamine, possession of a weapon during the commission of that crime, and tampering with evidence, Micah Ward Perry appeals the denial of his motion for new trial, contesting the sufficiency of the evidence and arguing that the trial court erred in the admission of evidence.

1. In his first and third enumerations of error, Perry argues that the evidence was insufficient to prove the trafficking in methamphetamine and tampering with evidence counts.

Following conviction, a defendant no longer enjoys the presumption of innocence and we view the evidence with all inferences in favor of the jury's verdict. In doing so, we neither weigh the evidence nor revisit the jury's determinations regarding witness credibility. *Gibson v. State*, 243 Ga. App. 610 (533 SE2d 783) (2000).

So viewed, the evidence here was that, on September 22, 2004, Clayton County Drug Force Officer Hancock and other officers went to the Quality Inn in Morrow to execute a search warrant. The officers attempted to ram the door after repeatedly knocking without response. Because the door had been barricaded from the inside by a chair and metal spoons had been jammed between the door jamb and the door and then bent, the officers had difficulty breaking the door down and it took longer than normal to do it. Upon gaining entry, Hancock found Perry, whom he knew from other encounters, holding two pit bulldogs.

After Perry had been secured, the officers found two handguns, an assault rifle with a mounted scope on it, several magazines of ammunition, and $6,310 in cash. Fifty-seven grams of a crystalline substance were also found in a plastic bag in the toilet covered with dog feces. Two smaller packets of the crystalline substance were found in other areas of the room. Additionally, a police scanner, a collection of knives, a set of digital scales, and a container of MSN, a horse vitamin frequently found with methamphetamine, were located in the room.

The larger bag found in the toilet was allowed to drain before being bagged and taken to the police station where its contents were rinsed with water due to the presence of feces, placed in the sun, and allowed to dry for two hours, watched by Hancock and another officer. Tests conducted on samples from this larger bag by a forensic scientist at the Georgia Bureau of Investigation crime lab were positive for methamphetamine. The contents of this bag weighed 57.46 grams. Pursuant to crime lab policy of testing only one item per case number, the contents of the two smaller bags were not tested.

The following evidence was introduced as a similar transaction. On February 10, 2003, Hancock and another officer went to a Days Inn in College Park to meet Perry regarding some information they had received. After the officers knocked repeatedly, the door was open and Perry, his two pit bulldogs, and two females were found in the room. Also found were two loaded handguns and bags of bullets, along with $2,697 in cash in Perry's pocket. In the toilet, officers found several small baggies containing an off white substance which was 1.85 grams of methamphetamine. After being advised of his rights, Perry acknowledged that the methamphetamine belonged to him.

The evidence of trafficking in methamphetamine and tampering with evidence[1] was legally sufficient, and there was no error in denying the motion for new trial on this ground. *Waters v. State*, 280 Ga. App. 566 (634 SE2d 508) (2006).

2. Although the evidence was legally sufficient as to the tampering with evidence count, the three-year sentence imposed is void because Perry tampered with evidence in his own case, not one involving another person. *English v. State*, 282 Ga. App. 552, 553 (2) (639 SE2d 551) (2006).

Therefore, the conviction for tampering with evidence is reversed and the case remanded for resentencing on this count. *English v. State*, supra.

3. Finally, Perry argues that the trial court's admission of evidence regarding the two packs of crystalline substance that were not tested by the crime lab was error.

Although Perry does not specify which exhibits he is objecting to, the record reflects that State's Exhibit 20 was a photo of the evidence sheet listing the small green baggie of suspected crystal methamphetamine and the small clear plastic baggie of suspected crystal methamphetamine. State's Exhibits 21 and 22 were photos of the clear plastic bag and the green plastic bag at the scene of the arrest and seizure.

Nawyn, the forensic chemist, testified that the contents of State's Exhibit 7,[2] the evidence bag which contained the dried contents of the plastic bag found in the toilet, tested positive for methamphetamine

---

[1] OCGA § 16-10-94 (a) provides that:

(a) person commits the offense of tampering with evidence when, with the intent to prevent the apprehension or cause the wrongful apprehension of *any person* or to obstruct the prosecution or defense of *any person*, he knowingly destroys, alters, conceals, or disguises physical evidence or makes, devises, prepares, or plants false evidence.

(Emphasis supplied.) Thus, by its own terms, the statute contemplates that a person may commit the offense by tampering with evidence in his or her own case or that of another person.

[2] This exhibit was admitted without objection by Perry.

and weighed 57.46 grams. This evidence alone was sufficient to prove the charged violation of OCGA § 16-13-31 (e).[3]

Therefore, we agree with the trial court's conclusion that the fact that portions of the suspected methamphetamine had not been tested went to the weight of the evidence and not its admissibility. *Dorsey v. State*, 187 Ga. App. 725, 729 (5) (371 SE2d 207) (1988). Even if error, under the circumstances of this case, the error was harmless. Id.

*Judgment affirmed in part, reversed in part and case remanded for resentencing. Barnes, C. J., and Bernes, J., concur.*

DECIDED FEBRUARY 8, 2007.

*Patricia F. Angeli*, for appellant.
*Jewel C. Scott, District Attorney, Marc A. Pilgrim, Assistant District Attorney*, for appellee.

---

[3] Count 1 charged trafficking by possession of 28 grams or more of methamphetamine or any mixture containing methamphetamine, a violation of OCGA § 16-13-31 (e).