**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 11, 2015**

# In the Court of Appeals of Georgia

A14A2255. HAYNES v. THE STATE.                    DO-083

DOYLE, Presiding Judge.

George Haynes appeals from his conviction for tampering with evidence[1] and committing financial transaction card fraud,[2] contending that he was incorrectly sentenced for felony tampering because the indictment was ambiguous as to whether it alleged the felony or misdemeanor version of that offense. For the reasons that follow, we agree and remand the case for resentencing.

Based on his role in a burglary by an alleged accomplice resulting in the stabbing death of the victim, Haynes was indicted for felony murder, burglary, aggravated assault, armed robbery, possession of a knife during the commission of

---

[1] OCGA § 16-10-94 (a).

[2] OCGA § 16-9-33 (a) (1).

a crime, tampering with evidence, and financial transaction card fraud.[3] Following a jury trial during which his alleged accomplice testified, Haynes was acquitted of all counts except for tampering with evidence and financial transaction card fraud.[4] The trial evidence showed that Haynes's alleged accomplice entered a mobile home to steal money and encountered the occupant, whom he killed during a struggle over a knife. The alleged accomplice then fled through a wooded path to a retail parking lot where Haynes was waiting in a car. The tampering charge arose from evidence that Haynes disposed of his alleged accomplice's blood spattered jumpsuit and the victim's wallet in a dumpster after the burglary.

The trial court sentenced Haynes to ten years confinement for the tampering count and two years concurrently for the fraud count. Haynes now appeals the sentence on the tampering count, arguing that the trial court erred by sentencing him for a felony when the indictment did not clearly charge him with a felony.

---

[3] According to the State's appellate brief, Haynes was initially found incompetent to stand trial, then later restored to competence; the State initially filed a notice of intent to seek the death penalty, then later withdrew that notice; and Haynes entered into a negotiated guilty plea, which he later withdrew pursuant to a consent order.

[4] Immediately following the burglary, Haynes purchased gas with the victim's ATM card.

OCGA § 16-10-94 (c) provides the sentencing structure for tampering with evidence:

> any person who [commits the offense of tampering with evidence] involving the prosecution or defense of a felony *and involving another person* shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one nor more than three years; provided, however, that any person who violates subsection (a) of this Code section involving the prosecution or defense of a serious violent felony as defined in subsection (a) of Code Section 17-10-6.1 *and involving another person* shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one nor more than ten years. Except as otherwise provided in this subsection, any person who violates subsection (a) of this Code section involving the prosecution or defense of a misdemeanor shall be guilty of a misdemeanor.[5]

Based on the emphasized language above, Georgia's courts have interpreted this subsection to authorize a felony sentence only when the tampering is done in the

---

[5] (Emphasis supplied.)

case against another person.[6] Tampering with evidence in one's own case is merely a misdemeanor.[7]

Haynes's indictment accused him as follows:

We, the Grand Jurors aforesaid, do further charge and accuse [the alleged accomplice] and George Lee Haynes . . . with the offense of TAMPERING WITH EVIDENCE for that the said [alleged accomplice and Haynes] . . . did, with the intent to prevent the apprehension of each said accused for the felony offense of Murder, knowingly conceal certain physical evidence, to wit: the coveralls of [the alleged accomplice] and a wallet of [the victim], in violation of OCGA § 16-10-94, [c]ontrary to the laws of [Georgia].

Relying on *Hampton v. State*,[8] Haynes argues that the indictment does not allege specifically whether he tampered with the evidence to prevent his own

---

[6] See, e.g., *DeLeon v. State*, 289 Ga. 782, 783 (1) (716 SE2d 173) (2011) ("Inasmuch as the evidence showed appellant threw the murder weapon away thereby tampering with evidence in his own case and not that of another, he could not be convicted of a felony, but only convicted of a misdemeanor."); *White v. State*, 287 Ga. 713, 717 (1) (d) (699 SE2d 291) (2010) ("because appellant tampered with evidence in his own case and not to prevent the apprehension or prosecution of anyone other than himself, he was guilty of misdemeanor tampering"), citing *Perry v. State*, 283 Ga. App. 521 (2) (642 SE2d 141) (2007); *English v. State*, 282 Ga. App. 552-553 (2) (639 SE2d 551) (2006).

[7] See *White*, 287 Ga. at 717 (1) (d).

[8] 289 Ga. 621 (713 SE2d 851) (2011).

4

apprehension or the apprehension of his alleged accomplice. Therefore, Haynes argues, it is ambiguous and it must be construed in his favor, especially in light of the fact that neither the jury charge nor the verdict form required any specificity by the jury in its decision.

*Hampton* addressed a very similar scenario in which the indictment alleged tampering "to prevent the apprehension of [accomplice 1], [Hampton], and [accomplice 2]."[9] Because of this non-specific language, the Supreme Court of Georgia concluded that

> [t]he indictment, along with the jury charge and the evidence, permitted the jury to find that Hampton tampered with the evidence in his case alone (a misdemeanor) or in either or both [accomplice 1's] and [accomplice 2's] case (a felony). However, the verdict form simply contained a finding of guilty on the tampering count, making it impossible to determine if the jury found Hampton guilty of misdemeanor or felony tampering.[10]

Based on the resulting ambiguity of the jury's verdict, the Court vacated Hampton's felony tampering sentence and remanded for misdemeanor sentencing, "[b]ecause

---

[9] Id. at 623 (3).

[10] Id.

Hampton must be given the benefit of the doubt in construing this ambiguous verdict."[11]

Here, the situation is no different. The indictment accused Haynes and his alleged accomplice of tampering "with the intent to prevent the apprehension of each said accused." Because "each said accused" could mean either of the accused, the jury could have found Haynes guilty of tampering to prevent his own apprehension (a misdemeanor) or the apprehension of his alleged accomplice (a felony). Neither the verdict form nor the jury charge required any further specificity. Therefore, as in *Hampton*, Haynes "must be given the benefit of the doubt in construing this ambiguous verdict."[12] Accordingly, we vacate Haynes's felony tampering sentence and remand for re-sentencing in accordance with this opinion.[13]

*Judgment reversed and case remanded. Miller and Dillard, JJ., concur.*

---

[11] Id., citing *Lindsey v. State*, 262 Ga. 665, 665-666 (1) (424 SE2d 616) (1993) ("[a] defendant is entitled to the benefit of the doubt in the construction of an ambiguous verdict").

[12] *Hampton*, 289 Ga. at 623 (3).

[13] See id.; *White*, 287 Ga. at 718 (1) (d).